TRANN *VS.* GORMAN & CHAPMAN.

1. The statute of 1818, (Aik. Dig. 268,) merely gives the right *to sue*, and by the *suit alone*, to change the nature of a partnership obligation from joint, to joint and several.

Error to Dallas County court.

Assumpsit on note.

Gorman & Chapman instituted this action for the use of McKeogg against Trann, who is sought to be charged as one of the firm of Trann, Lewis & Co.  He relied, in the court below, on the plea of set-off, and offered in evidence a debt due to him individually, from the *nominal* plaintiffs, owing at, and previous to the time when the note sued on was assigned to the *actual* plaintiff.  The County court refused to admit this evidence, and the supposed error in its refusal, is now sought to be corrected.

*J. A. Campbell,* for plaintiff in error.
*Clarke,* contra.

GOLDTHWAITE, J.—If the right to sue Trann as a several debtor, arose from the character of his contract with the nominal plaintiffs, the statement of this case would carry with it the decision ; but the right to sue does not thus arise.   It is given specially by the 8th section of the act of the thirteenth of February, eighteen hundred and eighteen, entitled "an act for the better regulation of judicial proceedings."   We have recently de-

Trann *vs.* Gorman & Chapman.

cided, in the case of Von Phcel et al. vs. Connally et al. that this enactment did not change the nature of the contracts of partners from joint, to joint and several, and that the remedy against a partner must be pursued in the manner given by that section. That case further decides, that no right of off-set arises out of the enactment referred to. It will readily be perceived that case is the converse of the one now presented, and demonstrates that the off-set offered in the court below was properly rejected, unless the section of the statute before cited gives to the *plaintiff* the right to consider the obligations of his debtors, *when partners,* as several as well as joint, and to proceed against them accordingly. Such is the construction which we think the statute must receive. If the *plaintiff,* during the lifetime of all the members of the debtor firm, elects to consider them as *several debtors,* and commences suit against them, he is within the strict letter of the statute, and we cannot deny him the right to proceed against any one or more of them. Having made this election, it does not rest with him, when an off-set is produced, which could be enforced, if the contract was *in fact* several, as well as joint, to say, that it is a *joint one* with all the partners, and thus preclude the set-off.

But this right of election is given alone to the plaintiff, and cannot be exercised by the defendant, as will be apparent, if we change the parties to this suit, and suppose Trann suing Gorman & Chapman for the debt now attempted to be off-set. The latter would not, then, be permitted to elect to consider Trann as their several debtor, because, in the event of his death, the debt due from them would pass to his personal representative, who

9 P                    58

would not be liable at law for the debts of Trann, Lewis *&* Co., nor in equity, unless the survivors of the firm were to prove insolvent.

These distinctions may appear somewhat subtle, but they arise out of the peculiar terms of the statute of eighteen hundred and eighteen, which gives merely the right *to sue,* and by the *suit alone,* to change the nature of a partnership obligation from joint, to joint and several.

We have not rested this decision on the case of Pitcher et al. vs. Patrick's adm'r, (Minor, 321,) notwithstanding its apparent identity in principle, because the suit, in that case, was on an obligation expressly made joint and several, by the first section of the statute of eighteen hundred and eighteen; and it may be possible, for that reason, that a distinction can be drawn between that case and this.

Let the judgment be reversed, and the case remanded.