Sutliff, J.
The right of the plaintiff to a new trial depends solely upon the correctness of the judicial construction of the statute, given in charge to the jury by the district court.
It is insisted, on the part of complainant, that there are two contingencies expressed by the statute, either of which is intended to *309 be a revocation of a will made by one having no child at the time of its execution:
1. Where the testator shall, after the execution of the will, have a child living, or a living child.
2. Where the testator shall, after Ms death, have a child born alive.
It is urged by the other party that the true meaning of the statute is, that to effect a revocation, a child of the testator must not only be born after the execution of the will, but must survive the testator, or be in life after his death. The provision, according to such construction, would, as now expressed, be regarded an ellipsis; and that, if what is implied were fully expressed, it would read as follows: “ But shall afterward have a child living," after his death, “ or born alive after his death.”
To best understand the true meaning of the statute *under consideration, it is heeessary to consider what was the law upon the subject prior to the adoption of the statute.
By the civil law, it was held that the birth of a child, after the execution of a will by one without children, was such a change in the domestic relations of the testator, after the execution of his will, as to constitute an implied revocation of the will.
By the common law, perhaps both marriage and the birth of a child were necessary to constitute such implied revocation.
But, in this state, prior to the statute of 1840, the subject had been long governed by legislative enactment. The act of 1816 (2 Chase, 929, sec. 3), provides as follows: “ That any last will or devise so made, or any clause made thereof, shall be revocable by the testator’s destroying, canceling, or obliterating the same, or causing it to be done in his or her presence, or by subsequent will, codicil, or instrument of writing, made as aforesaid, or where the testator had no child at the time of executing such last will, or codicil, and shall afterward have a child, or children — in either case, such last or codicil shall be void and of none effect, and the estate of the decedent shall descend according to the act regulating the course of descents and distribution of intestate estates.”
The act of 1824 (2 Chase, 1305, sec. 5,) was as follows: “That any will and testament, or any clause thereof, shall be revoked by the testator destroying, canceling, or obliterating the same, or causing it to be done in his presence, or by subsequent will, codicil, or instrument, made as aforesaid, or when the testator had no child *310 at the time of executing such will, and shall afterward have a child, and in either case, such last will or codicil shall be void.” The law of 1831 (3 Chase, 1786, see. 5,) was in the same words as that of 1824.
Nor were these provisions peculiar to our own state. In Virginia, Kentucky, Connecticut, Indiana, and Illinois, it has been provided by express legislation, that the subsequent *birth of a child shall be regarded a revocation, where. the testatrix had no child at the date of the will.
But the phraseology of the statutory provision of 1840, in this state, varies from the previous statutes. After the words “ shall afterward have a child,” as expressed by the statutes of 1824 and 1831, there are added, in the statute of 1840, the words “ living, or born alive, after his death.” Does this change in the phraseology of the previous statutes, by that of 1840, change the previous law upon the subject in this state? It is a well-established rule, that in putting a construction upon a revised statute, the mere change in tho phraseology does not work a change in the established interpretation of the former statute, unless it evidently appears- that such change was intended by the legislature. Taylor v. Delancy, 2 Caines’ Cases, 143; Yates’ case, 4 Johns. 359; Douglass v. Howland, 24 Wend. 45; Gaffray v. Colvill, 6 Hill, 574; Doremus v. Harrison & Whitman, 26 Ala. 326; Moore v. Bunker, 9 Foster, 431.
Under the application of this rule of construction, as well as by the more obvious meaning of tho language, from its present grammatical construction, we think -the statute of 1840, so far as applicable to the ease at bar, in no respects differs from the previous statutes of 1816, 1824, and 1831.
We hold the legal construction of the provision of the statute of 1840, under consideration, to be, that where a person having no child living at the time of. executing a will, after its execution has a child living, such will is thereby revoked ; and the will so being revoked, the fact of the testator or testatrix surviving the child, can not revive the will, or make it operative.
For the reasons expressed, a new trial must be granted.
Brinkerhorr, C. J., and Scon? and Gholson, JJ., concurred.
Peck, J., was absent.