Von Pheel & McGill *vs.* Connally & Anderson.

VON PHEEL & M'GILL *VS.* CONNALLY & ANDERSON.

1. In assumpsit, on a note made payable to W, a plea of off-set of an open account due defendants by W & D, partners, &c.—is bad on demurrer.

Error to the Circuit court of Madison county.

Assumpsit on note.

Von Pheel & McGill brought an action on a note drawn by Connally & Anderson, payable to Wellman, or order, and by Wellman assigned to plaintiffs, to which defendants plead as an off-set, an open account, owing to them by Wellman & Dear, partners, &c. due before notice of the assignment of the note. To this plea, plaintiffs demurred, but their demurrer was overruled by the Circuit court, and judgment rendered for defendants. All of which was assigned for error.

*Hopkins*, for plaintiffs in error.
*McClung*, contra.

Von Pheel & McGill *vs.* Connally & Anderson.

GOLDTHWAITE, J.—The counsel for the defendants in error, has very properly conceded, that the plea of set-off, interposed as a defence to this action, must be sustained, if at all, by an equitable construction of the 8th section of the act of the thirteenth of February, eighteen hundred and eighteen, entitled " an act for the better regulation of judicial proceedings."

This section is in these words: " whenever any cause of action may exist, against two or more partners, of any denomination whatever, it shall be lawful to prosecute an action against any one or more of them; and when a writ shall be issued against all the parters of any firm, service of the same on any one of them, shall be deemed equivalent to a service on all, and the plaintiff may file his declaration, and proceed to judgment, as if the said writ had been served on each defendant; and the judgment shall be equally valid and effectual against all the defendants"—(Aik. Dig. 268.)

This enactment is supposed to make the liabilities of partners several, as well as joint, so far, at least, as to authorise a separate action against each partner, and the defendants assume, that the right to off-set a demand, must be co-extensive with the right to sue. It must be admitted, this argument would be entitled to great weight, if the construction of this section of the statute was open to examination, but it is, in a great decree, foreclosed by a decision of this court. In the case of Marr's ex'rs vs. Southwick et al. (2 Porter, 351,) which was a bill filed by the creditors of a firm, against the executrix of a deceased partner, to subject the assets of the estate in her hands, to the payment of a partnership debt,

the court deny the principle now asserted by the defendants in error, and limit the construction of this section of the statute to its letter. This decision has a more important bearing on this case, because the learned judge who delivered the opinion of the court, admits, that if suit is commenced against one partner, and he dies before judgment, it may be revived and prosecuted against his personal representative. This latter point did not arise in the case, however, and although the opinion of the court seems to be intimated, it excludes the idea, that the question is to be considered as any other than an open one. If this is the true construction, it is somewhat remarkable, that only one feature of the original liability of partners should remain after this enactment, which is the very feature pointed out in that decision.

It cannot be supposed, that a right of off-set once perfect, can be defeated by the happening of any event whatever, and if we test this case by such a principle, the fault of the defendants' position will be made apparent. We may reject the names of all the parties, except Wellman and Connally, from the consideration of this case, (as their introduction does not affect the principle which is decisive of it,) and suppose the action to be brought by the former, against the latter; in this aspect, the clause to make the set-off would be most imposing, but if we substitute, in the place of Wellman, his personal representative, and suppose the suit instituted after his death, the debt, at law, is entirely gone, and even in equity also, unless Dean, the surviving partner, should prove insolvent. The debt, which is supposed capable of being successfully opposed to this suit, (because Wellman might

be sued on it,) ceases to be binding on his personal representative, and becomes the *sole debt* of the survivor. This is the precise case of Marr's ex'r vs. Southwick et al. and we must either overrule that case, or preserve uniformity of decision, by declaring the plea in the present suit bad.

Since the decision of the case quoted, the Legislature has considered it proper to give a remedy against the personal representatives of deceased partners, in the same manner as if their obligations were several, as well as joint—(acts of 1838)—but this legislation can have no effect on existing suits, which, of course, must be determined under the former rule.

The judgment of the Circuit court is reversed, and if desired, the case will be remanded to the Circuit court, in order that the proper judgment may be there rendered.