# BEAN v. CABBANESS.

1. A debt due from a bankrupt, and other persons as partners, may be set-off against a demand due to the bankrupt individually, although the suit is in the name of the bankrupt's assignee.

WRIT of error to the Circuit Court of Franklin county.

Assumpsit by Cabbaness, as the assignee in bankruptcy, of one Simpson against Bean, to recover a sum of money due by account.

The defendant, under a plea of set-off, offered a note in evidence made by Simpson, the bankrupt, in the firm name of Simpson & Co. The note was past due when the account sued on was contracted. The plaintiff resisted the set-off on the ground that the note was executed by Simpson in the firm name, and not in his individual capacity. The court rejected the note, and this is now assigned as error.

NOOE, for the plaintiff in error, insisted, that if the suit was in the name of Simpson, the note would be a good set-off, and that his bankruptcy could not affect this right.

SILAS PARSONS, *contra,* argued, that the facts of this case involved the same principles as decided in Von Pheel v. Connelly, [9 Porter, 452.] Besides this, under the bankrupt act, the creditors of Simpson have a right that his individual assets shall be applied to his individual debts, and not exhausted in paying those of the firm.

GOLDTHWAITE, J.—It is said, the principle which should govern this case, is identical with that presented in Von Pheel v. Connelly, [9 Porter, 452.] There the plaintiff was the assignee of a note due to one partner, and it was attempted to enforce as a set-off, a debt due to the defendants, from a firm of which he was a member. However the argument to sustain that decision, may support the rejection of the set-off here, it is clear, the facts have little resemblance. Although, under our statute, which per-

mits the assignments of promissory notes, the transfer is clogged with the sets-off then held by the maker, yet, in general, the right of set-off is given in all cases where there are mutual demands; in other words, it subjects the plaintiff to this claim whenever he would be individually liable to an action at the suit of the defendant. In such a case, there is no reason for the expense of two suits, for all the matters in controversy can as well be determined by one. If then the suit was by Simpson, it cannot be denied that the set-off ought to be allowed; and the right of the defendant to insist on it, would arise out of the liability of Simpson to an individual suit on the demand against the partnership. [Pitcher v. Patrick, Minor, 321; Traun v. Graham, 9 Porter, 456; Carson v. Barnes, 1 Ala. Rep. 93.] We do not well see how the fact of bankruptcy, and the assignment consequent upon it, can affect this right of the defendant. [Lord Lanesborough v. Jones, 1 P. Wms. 326.]

It is said, however, that the individual assets of the bankrupt are to be first applied to the discharge of his individual debts, but we apprehend a debt due from him as the member of a firm, is as much an individual debt as any one he can owe. It is true, there is an equitable rule which would compel the partnership funds to be exhausted for partnership debts, but before an individual creditor can claim any benefit from it, he must show that there are such assets which can be pursued. Here there is no proof to warrant the belief of the existence of such assets, even if a court of law was competent to arrest their due application.

We are satisfied the defendant was entitled to his set-off, and therefore, the judgment of the circuit court must be reversed, and the cause remanded.