## HOYT, FORD & ROBINSON vs. MURPHY.

1. According to the construction placed upon the statute, allowing partners to be sued severally, it does not authorise a demand due by the firm to be set off against a separate debt due to one of the partners.
2. Where, upon the dissolution of a partnership, one of the partners, upon valuable consideration, agrees with the other to pay all liabilities of the firm, such agreement will authorise a joint creditor, although not a party to the agreement, to treat his demand as the several debt of the partner who has thus assumed its payment, and to set it off in a suit, brought by such partner to recover a debt due to him individually.
3. A partner, who is still liable to the creditor for the demand in controversy, is not a competent witness for him, to prove that, as between him and his co-partner, the latter has, by agreement, made the debt several and assumed its payment.

ERROR to the Circuit Court of Mobile.   Tried before the Hon. John Bragg.

STEWART, for the plaintiffs.

CAMPBELL, for the defendant:

1. The separate debt of the plaintiff cannot be defeated by an off-set of a joint debt.   The debt offered by the defendants is due from Murphy & Brack, and is an open account.   The debt is joint.—2 Saun. Pl. & Ev. 789; 2 Sum. 409; 2 Bibb, 86; 4 Rand. 359; 1 Port. 232; 5 Ala. 110.

2. The principle we have announced controls this case, unless the statutes of the State have destroyed the joint character

of the debt, or it has been destroyed by the act of the parties. The act of 1839, proceeds upon the conclusion that the partnership liability is a joint one, and does not survive at law. It furnishes a legal remedy corresponding to the equitable remedy, but retains the conclusion that the demand is a joint one.

3. The act of 1818 does not change the joint quality of the demand. That act only allowed a creditor of a partner to sue on one or more. It did not affect the law of set-off.—Vonpheel v. Conally, 9 Port. 452.

4. The plaintiff's argument only contradicts the conclusion heretofore adopted by the court, and which the act of 1839 supports, viz: That the joint nature of the demand was not affected by the statute of 1818, and therefore that the law of set-off was not changed.

5. The parties have done nothing to change their positions to this claim. The defendants (Hoyt & Co.,) hold both parties to it. Murphy has made no separate promise to them to pay it. It stands as a legal claim, unaffected by any act of the creditor and debtor, who alone could charge it. The agreement between Murphy & Brack, as shown in the bond and other papers, does not change it. Brack alone has a remedy on that bond, and the execution of the bond by Murphy does not alter the plaintiff's position at law.

6. Brack was an interested witness.—1 Ala. 65; 14 ib. 764; 16 ib. 448.

CHILTON, J.—The plaintiffs in error, being sued by J. H. Murphy, insist that they should have been allowed to set-off against his claim a demand due them from the late firm of Murphy & Brack.

The set-off is claimed upon three grounds; first, it is contended that the statute, giving a several right of action against either of the partners, makes this demand the several demand of Murphy, as well as the joint debt of Murphy & Brack, and that since the plaintiffs in error could have sued Murphy alone upon their demand, they but assert that right in insisting upon their plea of set-off, which is in the nature of a cross action; secondly, that Murphy, conceding the demand against him to be joint, had waived, and had the right to waive this objection, having treated it as his several liability, as shown by the proof set out in the

bill of exceptions; and thirdly, that having covenanted with Brack, upon the dissolution of the firm, that he would pay this demand, and exonerate Brack from its payment, and having received funds for the purpose of making such payment, as the consideration of his separate undertaking, an action has accrued to the plaintiffs, to recover from him this debt.

If all, or either of these positions can be supported, then the set-off is available, and the court below erred in rejecting it.

Since the statute authorises the prosecution of an action against any one or more of the members of a firm, upon their co-partnership liability, it is difficult to determine upon what principle we can deny the right of set-off of such demand, when one of the partners sues the creditor of the firm.    The set-off is in the nature of a cross action, and as a general rule, is allowed to be pleaded, when the defendant could maintain his action at law against the plaintiff, upon the demand sought to be set off, and in the same right.    But this court has heretofore settled the construction of the statute, which authorises the partners to be sued severally.    In Pierce v. Bass, 1 Port. 232, it was held that the individual debt of one partner could not be set-off against a debt due the firm.    In Vonpheel & McGill v. Conally, 9 Port. 452, it was held that the defendant could not set-off a partnership demand in a suit brought against him upon his liability to one of the partners ; which seems to be the situation of the liabilities in the case before us.    There are other decisions to the same point, but these may suffice to show the settled construction which this court has placed upon the statute, and from which we do not feel at liberty to depart.

As, under the above construction of the statute, the defendant could not properly be allowed the set-off, by reason of his right to maintain an action against Murphy, one of the members of the firm, for the recovery of the partnership demand, let us next examine whether this right was confered by the arrangement entered into between Murphy and Brack.

The defendants offered evidence tending to prove, that upon the dissolution of the firm, Brack assigned to Murphy his interest in the partnership assets, in consideration of the receipt of which, Murphy agreed and covenanted with him to pay the debts of the firm, this demand in favor of the plaintiffs in error being one of them.    It was further proposed to be proved that Mur-

phy had regarded the demands due the firm, after this arrangement, as his individual property, and had given a receipt to the defendants for one of them in his individual name. The Circuit Court ruled out the testimony relating to this agreement, and held that although Murphy had received the assets of the firm to pay this demand, and by the arrangement, made this his several debt, *as between him and Brack*, still as the latter was liable to Hoyt, Ford & Robinson, it was, as to them, a joint demand, and consequently could not be set-off, unless Murphy had directly promised the defendants below to pay it.

It is very clear that a joint demand may be set-off against an individual liability by the agreement of the parties, and that the plaintiff may waive his objection to the set-off by failing to insist upon it, when the set-off is pleaded in the court below.— Bright v. Wilson, 7 B. Monr. 122. But in this case, the agreement to pay the demand insisted on, by way of set-off, was made with Brack, and not with the plaintiffs in error, and as there is no privity between the firm of Murphy & Brack and the plaintiffs in error, it is contended that they cannot avail themselves of the agreement to treat this as the several demand of Murphy. In Huckabee v. May, 14 Ala. 263, we had occasion to examine very fully the question now presented, and we there held that where the debtor sold and delivered property to a third party in consideration that such third party would pay off and discharge certain specified debts, the creditors, whose debts were thus agreed to be paid, could maintain assumpsit against the party contracting to pay them, although such creditors were not parties to the agreement. Had the defendants below been allowed to establish what the proof offered by them tended to show, that Murphy, in consideration of the receipt of the partnership assets, had agreed with his co-partner to pay this demand, (and the recitals in his bond tend to prove this,) we should be unable to perceive any real difference in principle, between that case and the one before us. Here, as in that case, property is transfered to the party, against whom the right of action is claimed by the creditor, on his covenant to pay the debt. His promise to pay is absolute, and to save the other member of the firm harmless. Here, as in that case, the creditor may, if he choses, still proceed against the original debtor, whose liability is not extinguished, and we see no reason why, in this case, as well as in that,

(if the proof be made,) the creditor may not elect to proceed against the party, who, in consideration of the receipt of effects, has made the debt his own, as between him and the original debtor. That this demand was due from the firm, instead of an individual, can make no difference, or if it does, the difference is in favor of the plaintiffs in error, since Murphy, who, by the agreement with Brack, has made this his several debt as between them, was bound before the agreement was entered into, to pay it. If he has made it his individual debt by assuming its payment to Brack, his co-partner, upon the consideration of receiving funds for its payment, the creditor has the right to elect so to treat it, and to insist upon it as a set-off, as he might recover it by his action. We think, therefore, the proof proposed was relevant, and should have been admitted, and that the court mistook the law as to its effect upon the question of set-off.

As respects the competency of Brack, as a witness for the plaintiffs in error, we have several decisions which show the court correctly excluded him as an interested witness.—Lewis v. Post & Main, 1 Ala. 65; McCall v. St. Clair, 14 ib. 764; Dickson v. Collins & Co., 17 Ala. 635; Aston v. Jemison, ib.

For the error in the ruling of the court, as to the admissibility of the evidence proposed in respect to the set-off, the judgment must be reversed, and the cause remanded.

DARGAN, C. J., not sitting.