## DURAMUS *vs.* HARRISON & WHITMAN.

1. In the adoption of the Code, the Legislature is presumed to have known the judicial construction which had been placed on the former statutes; and therefore, the re-enactment in the Code of provisions substantially the same as those contained in the former statutes, is a legislative adoption of their known judicial construction.

2. In a suit on a debt due from defendant to plaintiff individually, the defendant cannot set off a debt due to him by open account from a firm of which plaintiff is a member.—Code, §§ 2142, 2143.

3. Sections 2142 and 2143 of the Code construed.

APPEAL from the Circuit Court of Lowndes.

Tried before the Hon. NAT. COOK.

THIS action was commenced in March, 1854, and was founded on a promissory note, of which the following is a copy:

"$1500. On the first day of February, eighteen hundred and fifty-four, we promise to pay Henry G. Duramus fifteen hundred dollars, for value received February 1st, 1852.

(Signed)    "JAMES HARRISON,<br>"JAMES K. WHITMAN."

The defendant Harrison pleaded as a set-off an open account due to him from the firm of Cook & Co., of which firm plaintiff was a member; to which plea the plaintiff demurred, but the court overruled his demurrer. The same question was again raised by the charge of the court, and its refusal to charge as requested by the plaintiff. The plaintiff excepted to the rulings of the court, and took a non-suit; and he now assigns for error these several rulings of the court.

NAT. HARRIS, for the appellant:

A demand due by a firm cannot be set off against a separate debt due to one of the partners.—Hoyt, Ford & Robinson v. Murphy, 18 Ala. 316.

The language of the Code (§ 2240), as to the right in which the demand claimed as a set-off must exist, is the same as that of the old statute (Clay's Digest, p. 338, § 141) upon which the case of Hoyt, Ford & Robinson v. Murphy was decided. The debts must be mutual, not only under the old law, but also under the Code.

Duramus v. Harrison & Whitman.

GEO. W. STONE, *contra :*

1. There is a wide distinction between these two cases : 1st, where a partnership sues, and the individual debt of one of the partners is sought to, be used as a set-off ; and, 2d, where a partner sues on an individual demand, and a partnership liability is pleaded as a set-off. The one case is an attempt to appropriate partnership effects to the payment of the individual demands of one of its members ; the other is simply compelling a partner to pay a firm debt out of his individual funds.

2. The leading case in this State on the point raised by the record, is Von Pheel & McGill v. Conally, 9 Port. 452, on the authority of which the subsequent case of Hoyt, Ford & Robinson v. Murphy was decided. The former case is based on the well-established doctrine of a want of mutuality, which, under the statutes then in force, was not considered perfect. At that time there was no authority to sue the personal representative of a deceased partner, in the first instance, on a partnership liability : the liability to be sued, like the right to sue, was in the surviving partner alone. But the personal representative of the deceased partner, while no action could be maintained against him at law on a partnership debt, could sue on the individual demand of his testator, or intestate. This, the court contended, disturbed the mutuality of the debts, and on this idea alone they predicated their opinion in that case.

3. The act of 1839, (Clay's Digest, p. 324, § 67,) which was passed subsequent to the decision of Von Pheel & McGill v. Conally, removed some of the disabilities, but was clogged with qualifications and provisoes. The decision in Hoyt, Ford & Robinson v. Murphy, was made after the passage of that act ; but it is worthy of remark, that the decision is based on the former case, and no mention whatever was made of the statute.

4. But it is not necessary for the purposes of this case that either of those cases should be assailed. This case may be affirmed, without disturbing either of them. The Code (§ 2142, last clause) now gives a perfect and co-equal right of action against "any one of the associates, or his legal representatives." The mutuality in the debts is now perfect ; and the

reason ceasing, should not the rule be changed? The statute now being perfectly clear, and no decision having yet been made upon it, will the doctrine *stare decisis* justify a disregard of its clear, express, unambiguous language? The decision in Von Pheel's case, always doubtful in principle, has never given satisfaction either to the bench or to the bar; and in Hoyt, Ford & Robinson's it is not attempted to be justified. The recent change in the law now enables the court to get rid of the vexed question, without disturbing former decisions.

RICE, J.—The act of 1818 contained the following provisions: "Every joint bond, covenant, bill, promissory note, or judgment of any court of record of any State or territory of the United States, shall be deemed and construed to have the same effect in law, as a joint and several bond, covenant, bill, promissory note, or judgment; and it shall be lawful to sue out process, and proceed to judgment, against any one or more of the obligors, covenanters, or drawers of any such joint bond, covenant, bill, or promissory note, or against any one or more of the defendants to any such judgment." * * * "Whenever any cause of action may exist against two or more partners, of any denomination whatever, it shall be lawful *to prosecute an action* against any one or more of them." Clay's Dig. 323, §§ 61, 63.

Many years ago a construction was given by this court to this statute, which has ever since been adhered to. That construction was, that the statute gave to the *plaintiff* the right to consider the obligations of his debtors, *when partners*, as several as well as joint, and to proceed against them accordingly; but that this right of election was given to the *plaintiff*, and could not be exercised by the defendant. And therefore it was held, that a defendant in a suit founded on a promissory note, executed by him to the plaintiff, could not, under the statute, avail himself of an open account, due to him by a partnership of which the plaintiff was a member, as a set-off. Von Pheel & McGill v. Conally, 9 Porter's R. 452; Traun v. Gorman, 9 *ib.* 456.

About the time the foregoing decisions were made, the act of 1839 (Clay's Dig. 324, § 67) was passed, which gave a qualified right to any creditor of a partnership, to sue the repre-

sentatives of the deceased partner without first having prosecuted the surviving partners to insolvency. The decisions above cited were not in any way influenced by the act of 1839, because it was passed after they had been commenced. But long since that act was passed, in a suit commenced long after its passage, the case of Von Pheel & McGill, *supra*, was re-affirmed by this court in the case of Hoyt, Ford & Robinson v. Murphy, 18 Ala. 316.

This last decision was made in 1850. On the 5th February, 1852, the act was passed which adopted the Code; and under that act, the Code went into effect on the 17th day of January, 1853.

Section 2142 of the Code provides, that any one of the partners, or their legal representatives, "*may be sued* for the obligation of all. *Section 2143 provides, that "when two or more persons are jointly bound, by judgment, bond, covenant, or promise *in writing* of any description whatever, the obligation or promise is, *in law, several* as well as joint; and suit may be instituted thereon against the legal representatives of such as are dead." Section 2240 provides, that "mutual debts, liquidated or unliquidated demands not sounding in damages merely, subsisting between the parties at the time of suit brought, may be set off, one against the other, by the defendant or his personal representative, whether the legal title be in the defendant or not."

Although section 2240 is, in some respects, different from the former law as to matters of set-off, it is substantially the same as the former law, so far as it has any bearing upon the case now under consideration. This is not denied by the counsel of the appellees; but he contends, that conceding this to be so, that section, taken in connection with sections 2142 and 2143, ought to be held sufficient to justify the allowance of the set-off relied on in the court below. In this, we differ from the counsel of the appellees.

The right to prove a set-off at the trial of a cause, and thus diminish or defeat a recovery, did not exist at the common law, but is the creature of the statute. The extent to which this right is allowed, must be determined by reference to the statute. A set-off in this State has never been supposed to be, in all respects, like a suit, although it is in the nature of a

cross action. Thus a set-off cannot be replied to a set-off; defendant relying on a set-off of an account under the sum of one hundred dollars, was not allowed to prove it by his own oath, although, if he had been plaintiff in the suit on the same account, he could, under the act of 1837, have proved it by his own oath.—Hall v. Cook, 1 Ala. 629; Hudnall v. Scott, 2 *ib.* 569; Bennett v. Armstead, 3 *ib.* 507.

We must take it for granted, that at the time the Code was adopted, the Legislature knew the construction which had been placed on the former statutes above referred to, by the several decisions above cited. And if, with this knowledge, the Legislature has re-enacted in the Code provisions which are substantially the same as those contained in the former statutes, such re-enactment is a legislative adoption of the known construction of those provisions.

According to the decisions above cited, the act of 1818 and the act of 1839, taken together, did not, *per se*, change the obligations of partners to pay *an account* due by them, from joint to joint and several. But those statutes gave to the creditor of a partnership "merely the right to *sue*, and by *the suit alone* to change the nature of a partnership obligation from joint to joint and several." In other words, the decisions cited settled the rule, that a statute which authorized the creditor of a firm to sue any one or more of the partners, or their legal representatives, did not, *per se*, make the obligation of partners *several*.—Smith v. Mallory, 24 Ala. 628.

As section 2142 of the Code does not declare that the obligation of partners is *several*, but merely authorizes all *to be sued* in the common name, or any one, or their representatives, *to be sued* for the obligation of all, we feel bound to apply to it the rule above stated, which was settled before the adoption of the Code; and to hold, that there is nothing in that section, which, *per se*, changes the obligation of partners from joint to joint and *several*, or justifies the ruling of the court below in allowing the *account* against the firm as a set-off against the plaintiff, who was a member of that firm.

We are confirmed in the correctness of our conclusion, by examining the provisions of section 2143. That section expressly declares, that when two or more persons are jointly bound, by *judgment, bond, covenant,* or *promise in writing* of any

description whatever, the obligation or promise *is*, *in law*, *several* as well as joint.". Now we ask, why was there an omission to declare in section 2142, that the obligation of partners should be *several* as well as joint? This omission is significant, when we compare it with the former law and the decisions thereon, and with the explicit declaration found in section 2143, that certain specified joint obligations should, in law, be deemed *several* as well as joint.

Upon a careful examination of sections 2142 and 2143 of the Code, and the circumstances under which they were adopted, we pronounce their true construction to be as follows : The creditor of a firm may, if he chooses, commence a suit against any one of the partners, or his representatives, for the debt of the firm, whether it be due by account or otherwise. The effect of *a suit so commenced* is, to change, for all the purposes of that suit, the obligation of the partners from joint to joint and several, by virtue of section 2142. Although no such suit is brought, yet if the firm is bound by a "*judgment, bond, covenant*, or *promise in writing* of any description whatever, the obligation is, *in law, several* as well as joint," under section 2143 ; and, therefore, may be used as a set-off in a suit on a demand not sounding in damages merely, brought by any member of the firm against the owner of such judgment, bond, covenant, or promise in writing. But in such a suit, commenced by a member of the firm, neither of the sections above cited confers upon the defendant the right to use as a set-off *an account* due to him by the firm of which the plaintiff is a member.

As the demand set up as a set-off in the court below, was not a *judgment, bond, covenant*, or *promise in writing*, against the firm, but only *an account*, the court below erred in charging that it could be allowed as a set-off in this action ; and for this error, its judgment is reversed, the non-suit taken below set aside, and the cause remanded.