# Pearce & Co. *v.* Shorter & Brother.

### *Attachment and Garnishment.*

*Garnishment of debtor of partner individually, under attachment against partnership.* — In an action against a partnership, setting out the names of the individual partners, commenced by attachment, and founded on a partnership debt, money in the hands of a garnishee, belonging to one of the partners individually, may be subjected ; but a chose in action cannot.

APPEAL from the City Court of Eufaula.
Tried before the Hon. E. M. KEILS.

G. L. COMER and BUFORD & DENT, for appellants.

SHORTER & BROTHER, *pro sese.*

B. F. SAFFOLD, J. — The appeal is from a judgment discharging the garnishees, Shorter & Brother, in a suit commenced by attachment against Wilkins & Brothers. The affidavit, attachment, and complaint set out the names of the individuals composing the partnerships, both plaintiff and defendant. The several plaintiffs, as partners, under their firm name, claim of the several defendants, as partners, under their firm name, the amount of a bill of exchange made by the defendant partnership, and indorsed to the plaintiffs. The garnishment served on the garnishees calls on them to answer, whether they are indebted to, or have any of the effects of, the said defendants, or either of them, &c. The garnishees answered, that they were under no liability to the defendant partnership, except that they had a chose in action against a certain railroad company to collect for them ; but they had $2,400.00 belonging to one of the firm, as his separate individual property. Upon this evidence, the court discharged them.

The obligation upon which the defendant partnership was sued, was a promise in writing by them, and they are liable upon it severally as well as jointly. R. C. § 2539. All of the defendants were named, were sued on their joint liability,

[Millsap v. Stanley.]

and served with sufficient process. R. C. § 2538. Upon judgment rendered against them, the individual property of any one of them would be subject to execution. When this is the case, such property in the hands of a garnishee may be subjected. *Roby* v. *Labuzan*, 21 Ala. 60; *Godden* v. *Pierson*, 42 Ala. 370; *Lockett* v. *Child*, 11 Ala. 640; *Waldron, Isley & Co.* v. *Simmons*, 28 Ala. 629. The money of Grant Wilkins was subject to the garnishment. The chose in action is not. *Jones* v. *Norris*, 2 Ala. 526; *Marston* v. *Carr*, 16 Ala. 325.

The judgment is reversed, and the cause remanded.