MANN C. RIGGINS, Defendant in Error, v. L. C. O'BRIEN, Plaintiff in Error.

St. Louis Court of Appeals, March 5, 1889.

Practice, Appellate: INSUFFICIENT REC ORD: PRESUMPTION. The record in this cause contains no bill of e xceptions, nor any part of the evidence, in any shape. It does not s how that the plaintiff in error objected or excepted to the action of the trial court in any way whatever. The only point made here is, that neither the probate court, nor the circuit court had jurisdiction to make the order complained of. *Held*: No facts appearing, from which it might be determined, under section 65, Revised Statutes, and Session Acts, 1883, p. 22, whether there was or was not jurisdiction, and it affirmatively appearing that evid ence was offered and that the cause was submitted thereon, this court must presume that the necessary jurisdictional facts existed.

*Error to the Stoddard Circuit Court.*—HON. JOHN G. WEAR, Judge.

AFFIRMED.

*George N. Boughton*, for the plaintiff in error.

The only authority a probate court has to order claims paid *pro rata* is found in sections 233 and 234 Revised Statutes, 1879, and these have no application to surviving partners.

The spirit of our statutes, as construed by our appellate courts, is to leave the surviving partner free to settle the partnership estate, only requiring him to give bond for a fair and proper settlement and a just distribution of the assets. *Crow v. Weidner*, 36 Mo. 412 ; *Gregory v. Menefee*, 83 Mo. 413 ; *Easton v. Courghtwright*, 84 Mo. 27 ; *Deney v. Turner*, 2 Mo. App. 52 ; *Weise v. Moore*, 22 Mo. App. 530.

*James Carr*, for the defendant in error.

"It is an invariable presumption of this court that the proceedings of the inferior courts are correct unless the contrary appears. He who seeks to review them must put his finger upon the error committed by them." Per SCOTT, J., in *United States v. Gamble & Bates*, 10 Mo. 457; *Schwecks v. Mathias*, 8 Mo. App. 569. Now there is no bill of exceptions in the record in this case and there is nothing in it to show the facts upon which the judgment of the probate and circuit courts of Stoddard county was based. The presumption being in favor of the correctness of the judgment of the circuit court, it being a court of general jurisdiction proceeding according to the course of the common law, there is nothing in the record in this case which really authorizes this court to review the record in that case, and determine whether the judgment is erroneous or not. The act of March 3, 1883, expressly provides that "if the assets are insufficient to pay all partnership debts, they shall be paid according to their respective class and *pro rata*, and in such case, if such partner refuse or, for any cause, neglect to pay demands against the partnership * * * such demands shall be exhibited to the proper court for allowance and classification, and they shall then be paid in the same manner, and the court shall have the same jurisdiction of demands thus presented as it has of demands against estates in ordinary cases of administration." Sess. Acts, 1883, p. 22.

ROMBAUER, P. J., delivered the opinion of the court.

The record in this case recites as follows: "The parties by their attorneys appear, and all and singular matters and things herein *are by agreement submitted to the court for trial*, and after hearing all the testimony offered, doth take time hereof to advise," and again:

" The matters and things contained in this proceeding having been heretofore submitted on the records of the said probate court *and evidence introduced*, the court finds that the said surviving partner has in his hands, ready money sufficient to pay at least fifty cents on each and every dollar of all claims against said firm, and the court doth further find that the plaintiff did within the first year of the administration present three several notes made by the said James T. Blair and L. C. O'Brien to the said plaintiff, and that the same had been properly allowed by the said probate court in the aggregate on said notes, thirteen hundred and five dollars and sixty-five cents. It is therefore considered and adjudged by the court that the plaintiff have and recover from the assets in the hands of said surviving partner the sum of fifty cents on each and every dollar so allowed by said probate court against said assets, together with interest thereon and that the clerk of this court certify the judgment to the said probate court without delay."

This is the entire record. No part of the evidence is before us. There is no bill of exceptions in this case, nor does it appear that the plaintiff in error ever objected or excepted to the action of the trial court in any shape, form or manner.

The only point made in this court by plaintiff in error is that neither the probate court nor the circuit court had jurisdiction to make the order complained of. In the absence of all evidence, and all objections and exceptions to the action of the trial court, we cannot see how the point arises upon the record at all. It is evident that, under section 65 of the Revised Statutes, as amended by the act of March 3, 1883, the jurisdiction of the probate court to make the above order depends on the existence of certain facts. As no part of the evidence is presented in the record; as it affirmatively appears that evidence was offered, and that the case was

by agreement submitted to the court for trial on such evidence, we must presume, in the absence of anything to the contrary in the record, that the necessary jurisdictional facts existed.

Judgment affirmed.    All concur.