(94 South. 109)

## FIRST NAT. BANK OF ABBEVILLE v. CAPPS. (4 Div. 959.)

(Supreme Court of ·Alabama. May 4, 1922. Rehearing Denied Oct. 12, 1922.)

**1. Partnership ☞173—Partnership contracts joint and not several, in absence of statute.**

In the absence of a statutory provision to the contrary, partnership contracts are joint and not several.

**2. Set-off and counterclaim ☞41—To establish a set-off, cross-demands must be due from one party to the other in the same right.**

In order to establish a set-off, the cross-demands must be mutual, that is, due from one party to the other in the same right.

**3. Banks and banking ☞134(8)—Bank cannot set off amount deposited to individual credit of partner against firm's note to bank.**

A bank could not set off, against amount deposited to the individual credit of a partner, a note executed by the partnership to the bank, the partnership indebtedness being a joint obligation and not a joint and several obligation, notwithstanding Code 1907, § 2506, authorizing a creditor to sue one partner for the obligation of all, and section 2503, providing that when two or more persons are jointly bound by a promise in writing, the obligation is several as well as joint.

**4. Partnership ☞173—Statute as to joint promises held not applicable to partnership obligations.**

Code 1907, § 2503, providing that "when two or more persons are jointly bound by * * * promise in writing of any description whatsoever, the obligation or promise is in law several as well as joint," held not to render partners' obligations on firm's note several as well as joint, since such statute is not applicable to partnership obligations, but ·has reference merely to contracts made by persons in their individual capacity.

Appeal from Circuit Court, Henry County; H. A. Pearce, Judge.

Action by J. T. Capps, as executor, against the ·First National Bank of Abbeville. From a judgment for plaintiff, defendant appeals. Affirmed.

.Suit by appellee as executor of the estate of M. V. Capps, deceased, against the First National Bank of Abbeville, to recover a sum of money deposited in said bank by M. V. Capps to his individual credit. M. V. Capps was a member of a partnership doing business under the firm name of Pioneer Peanut Oil Company. Among other defenses, the defendant interposed a plea of set-off as follows:

"For further answer to this complaint this defendant says that at the time the suit in this cause was brought M. V. Capps, plaintiff's intestate, was indebted to it in the sum of seven thousand seven hundred and twenty-five dollars, by a promissory note executed on the 20th day of January, 1921, by Pioneer Oil Company and payable to the defendant on the 20th day of April, 1921; and that at the time said Pioneer Peanut Oil Company executed said note it was a partnership, and the said M. V. Capps was then and there a member of said partnership, which sum of seven thousand seven hundred and twenty-five dollars, with interest thereon, this defendant offers to set off against plaintiff's demand in this case, and ask for judgment against the plaintiff for the excess of said sum."

The plaintiff then demurred to this plea, for that it appears the demands are not mutual, in that the demand sued on was due the testator of plaintiff individually, and the demand which the defendant offers to set off is against the partnership of ·which plaintiff's testator was a member, and further, it does not appear that the indebtedness of the partnership was a promise in writing executed individually by the plaintiff's testator. The demurrer was sustained.

Upon the hearing before the court without a jury, judgment was rendered for the plaintiff, from which the defendant prosecutes this appeal.

Lee & Tompkins and T. M. Espy, all of Dothan, R. W. Miller, of Abbeville, and Steiner, Crum & Weil, of Montgomery, for appellant.

The demurrer to plea 3 should have been overruled. 2 Pet. 186, 7 L. Ed. 391; 1 Daniel, Neg. Instr. (6th Ed.) 446; 30 Cyc. 504; Code 1907, §§ 2503, 2506. Partnership debts are joint and several, if evidenced by promise in writing, and may be sued on against the members jointly or severally. 63 Ala. 279; 50 Ala. 318; 6 Ala. 343; 69 Ala. 88; 26 Ala. 326; 153 Ala. 555, 45 South. 192: 22 Iowa, 480. If the right of set-off existed in favor of appellant against M. V. Capps prior to his death, that event did not affect or change the right. 3 Stew. 157. Any one or more members·of a partnership may.be sued for obligations of all. 12 Ala. App. 358, 67 South. 707; 9 Ala. App. 363, 63 South. 815; 7 Ala. App. 507, 61 South. 35; 172 Ala. 461, 55 South. 807; 182 Ala. 87, 62 South. 55; 69 Ala. 88; 20 Ala. 703; 87 Ala. 479, 6 South. 362. Construing section 2506 and section 2503 together, the demurrer to the plea of set-off should have been overruled. 26 Ala. 326; 25 Ala. 292; 48 Ala. 538; 63 Ala. 279.

W. O. Mulkey, of Geneva, Reid & Doster, of Dothan, and W. O. Long, of Abbeville, for appellee.

It is not permissible for a defendant to· set off the debt due plaintiff by a partnership demand, of which the plaintiff is a member. 104 Ala. 402, 16 South. 138; 35 Ala. 292; 26 Ala. 326; 18 Ala. 316; 9 Port. 456; 9 Port. 452. Section 2503 of the Code has ref-

erence to the individual obligation of two or more persons, and does not refer to a joint or a partnership obligation. 173 Ill. 493, 50 N. E. 1003; 25 Colo. 226, 54 Pac. 723; (C. C.) 138 Fed. 618. An individual deposit cannot be set off by a partnership debt. 110 Ind. 156, 9 N. E. 85; 119 Ill. 407, 9 N. E. 885, 59 Am. Rep. 807.

GARDNER, J. The sole question argued by counsel for appellant upon this appeal relates to the ruling of the court in sustaining the demurrer to the defendant's plea of set-off, which appears in the statement of the case. The only question therefore to be here determined is whether or not the bank may set off against the individual claim of M. V. Capps, deceased, the indebtedness to the bank by the partnership, Pioneer Peanut Oil Company, of which said M. V. Capps was a member.

[1-3] It is well understood, and of course conceded, that, in the absence of statutory provision to the contrary, partnership contracts are joint and not several (15 Cyc. Plead. and Prac. 868; Ratchford v. Covington County Stock Co., 172 Ala. 461, 55 South. 806), and that under the common law the liability of partners was so treated. It is also a well-recognized principle that, in order to establish a set-off, the cross-demands must be mutual, that is, due from one party to the other in the same right. Therefore, it has been many times declared that set-off of a partner's individual debt is not allowed against a partnership demand. Fancher v. Bibb Furnace Co., 80 Ala. 481, 2 South. 268; Watts v. Sayre, 76 Ala. 397; Cannon v. Lindsey, 85 Ala. 198, 3 South. 676, 7 Am. St. Rep. 38. It therefore appears that, in the absence of any statutory provision upon the subject, the plea of set-off must fail for a lack of mutuality of demands.

We have a statutory provision long existing in this state, which authorizes the creditor to sue one partner for the obligation of all. Section 2506, Code 1907. But under the uniform construction given this statute by the decisions of this court it can avail the defendant nothing in this case. Our decisions are to the effect that this statute does not within itself constitute a partnership indebtedness joint and several, and that such was not the legislative intent, but only gave the creditor of a partnership the right to sue any member of the firm, and by such suit to change the nature of the partnership obligation from joint to joint and several. The statute was so construed from its earliest history, as disclosed in Hoyt v. Murphy, 18 Ala. 316, wherein the court refers to Pierce v. Pass, 1 Port. 232; Von Pheel v. Connally, 9 Port. 452, as having settled the construction of the statute by the court. In the more recent case of Bradley Fertilizer v. Pollock, 104 Ala. 402, 16 South. 138, these decisions are reaffirmed, and the following

quotation in reference to this statute we deem of sufficient interest to set out:

"Under section 2605 of the Code, any member of a partnership may be sued for the obligation of all, and this has been the statutory regulation on that subject, since the act of 1818. Clay's Dig. p. 323. This statute has been the subject of repeated construction in this court, and has been several times re-enacted, with such construction upon it, and we must presume in its re-enactment the Legislature knew of the construction which had been placed on the former statute by the several decisions of this court, and adopted it as a part of the statute.

"The case of Hoyt, Ford & Robinson v. Murphy, 18 Ala. 317, involved the same question here raised. Murphy & Brack, of which firm J. H. Murphy was a member, owed Hoyt, Ford & Robinson, and they owed Murphy & Brack, which latter firm had been dissolved. On its dissolution, Brack assigned to Murphy his interest in the partnership assets, in consideration of which Murphy agreed with him to pay the debts of the firm. Murphy sued Hoyt, Ford & Robinson, on one of the assets assigned to him by Brack, and the defendants pleaded as a set-off against his claim, a demand due them from the late firm of Murphy & Brack. In delivering the opinion of the court, Judge Chilton, after stating that it was difficult to determine upon what principle the right of set-off of such a demand is denied when one of the partners sues a creditor of the firm, says: 'But this court has heretofore settled the construction of the statute, which authorizes the partners to be sued separately. In Pierce v. Pass, 1 Port. 232, it was held that the individual debt of one partner could not be set off against a debt due the firm,' and citing Von Pheel v. Connally, 9 Port. 452, to the same effect, he adds: 'There are other decisions to the same point, but these may suffice to show the settled construction which this court has placed upon the statute, and from which we do not feel at liberty to depart.' The demand of the defendants was not allowed to be set off against the debt due by them to the plaintiff. This decision found approval in the subsequent case of Duramus v. Harrison, 26 Ala. 326. See, also, Fancher v. Bibb Furnace Co., 80 Ala. 485; Cannon v. Lindsey, 85 Ala. 201."

[4] Indeed, as we understand the brief of counsel for appellant, it is not insisted that this particular statute suffices to uphold the plea, but much reliance is rested upon section 2503 of the Code, which deals with joint promises in writing. This section reads as follows:

"When two or more persons are jointly bound by judgment, bond, covenant, or promise in writing of any description whatsoever, the obligation or promise is in law several as well as joint, and suit may be instituted thereon against the legal representatives of such as are dead, jointly with the survivors, and judgments rendered accordingly."

It is insisted that the plea shows a promise in writing, by and in the firm name, and that therefore it comes within the meaning of the foregoing section. We are of the opinion,

however, that this section is unrelated to section 2506, which deals with suits against a partnership and the members thereof, and was only intended to cover those contracts made by persons in their individual capacity. In Sandusky v. Sidwell, 173 Ill. 493, 50 N. E. 1003, that court construed a statutory provision of similar import to section 2503, supra, although in somewhat varying language from our own, and held such provision had no reference to a partnership obligation, but embraced only contracts made jointly by persons in their individual capacity.

Counsel for appellant refer us to the case of Ryerson v. Hendrie, 22 Iowa, 480, as holding contrary to the Illinois case. It may be conceded that the holding of the court tends to sustain appellant's contention, but we are more favorably impressed with the dissenting opinion of Justice Dillon as being better sustained by sound logic. The reasoning found in these dissenting views appears to our mind to be directly applicable to the two statutes here under consideration, and we take therefrom the following excerpt:

"The majority hold that 'the language of this section when fairly construed embraces partners.' In my judgment this section does not embrace partners but refers to instruments signed by several distinct persons in law. My reasons are briefly these:

(1) Partners are not mentioned in section 2764. It reads 'two or more persons,' not partners.

(2) The common law made many nice distinctions between joint, joint and several, and several obligations. Thus, if two signed a joint contract all must be sued, or the defendant could plead in abatement. Then, also, if two or more signed a joint and several contract the plaintiff must, by the common law, sue each separately or all together. Then, also, if two or more signed a several contract, not joint, a joint action against all could not be maintained. Nor could representatives be joined with survivors. Now it was to abolish these distinctions that section 2764 was enacted. If partners had been intended it seems strange they should not have been mentioned.

(3) Section 2764 occurs in the chapter on parties. In the majority view it embraces partners, and gives the right to sue each or all, or any number of them. Then why, if this be so, is there express provision made for the case of partners in the same chapter in 'parties to an action'? Why, in section 2785, is it provided that, 'a copartnership may also be sued in the individual names of its members'? The majority reason is, to prevent possible misconstruction. If so, why did it not read thus: 'A copartnership may be sued in the individual name of its members,' or any of them may be sued individually. In my judgment, section 2785 was intended to regulate the right of partners to sue and their liability to be sued, and the mode; and, being a distinct provision as to partners, the inference is quite clear and satisfactory to my mind, that the case of partners is not embraced and was not intended to be embraced in the prior section (2764) relating

208 Ala.—14

to joint and several liabilities by two or more distinct persons."

A partnership is not referred to as a natural person. Williams v. Wilson, 205 Ala. 119, 87 South. 549. Section 2503 makes no reference to partnerships, the latter being treated under section 2506.

In Ratchford v. Covington County Stock Co., supra, it appears that a judgment was recovered against a partnership in its firm name, and suit then brought against defendants to the action upon that judgment, upon the ground that they were members of the partnership. The plaintiff's right to recovery was denied, and it was held his remedy was by suit against the defendants personally on the original demand.

Counsel for appellant insist that the note signed in the firm name, by virtue of section 2503 of the Code, is a joint and several obligation, and within the meaning of the language "when two or more persons are jointly bound." If this insistence is correct, an anomalous situation will be presented wherein the obligation of the partnership is of greater dignity and value than when it is reduced to judgment. It is not insisted by counsel for appellant that if the demand held by the bank against the firm was merely an open account that it could be set off against the plaintiff's claim, but that the fact that it is in writing brings it within the influence of section 2503, thereby converting the contract from a joint obligation to a joint and several one.

We are of the opinion that the Legislature did not intend so fine a distinction, and that these illustrations but serve to show that section 2503 has no reference to partnership affairs, as such, and is entirely unrelated to section 2506. The decisions construing this latter section make no distinction as to the obligation of the partnership, whether reduced to writing or verbal.

However, counsel refer us to several of our authorities, which they insist have made this distinction, and have construed section 2503 in conformity with their insistence. The case more clearly in point is that of Duramus v. Harrison, 26 Ala. 326. The subject-matter of the proposed set-off in that case was an open account, and the holding was that it could not be allowed as a set-off in that action. True, some of the language used in the opinion in that case, referring to what is now section 2503 of the Code, tends to support appellant's contention, yet in view of the fact that the subject of the set-off was an open account, the construction of that section was not called for, and therefore what was said by the court by way of construction thereof was dictum. Some of the language in other decisions cited may be construed as indicating a similar view; but our observation as to the Duramus Case, supra, is equally applicable to each of these cases: Ingersoll v.

Robinson, 35 Ala. 292; Haralson v. Campbell, 63 Ala. 278; Pearce v. Shorter, 50 Ala. 318; Hall v. Cook, 69 Ala. 87; Bean v. Cabbaness, 6 Ala. 343. We do not find therefore, that the question has been directly presented to this court, and the decisions bearing dictum contrary to the conclusion here reached make no reference to those cases construing section 2506, which deal with partnerships, and wherein it has been uniformly held that such section did not within itself change the partnership obligation from a joint one to that of joint and several. We have also examined the following cases cited by counsel for appellant, Jones v. Jones, 12 Ala. 244; Leach v. Gray, 201 Ala. 47, 77 South. 341, 7 A. L. R. 890; Nat. Timber Co. v. Deer, 17 Ala. App. 295, 84 South. 865; Ruddle v. Horine, 34 Mo. App. 615; Eyrich v. Capital State Bank, 67 Miss. 60, 6 South. 615; Wilson v. Exchange Bank, 122 Ga. 495, 50 S. E. 357, 69 L. R. A. 97, 2 Ann. Cas. 597, but are of the opinion they do not militate against the conclusion here reached.

The dictum above referred to, as to the construction of section 2503 of the Code, will not suffice for the application of the rule as to the construction of the statute and its reenactment with such construction upon it. This rule only has application where the construction of the statute was necessary for the determination of the cause, and therefore properly presented before the court.

We therefore conclude that the demurrer to plea 3 was properly sustained, and the judgment will be here accordingly affirmed.

Affirmed.

All the Justices concur.