In the Matter of David Truett FREDER-ICK and Janice Breaseale Frederick, Debtors.

David Truett FREDERICK and Janice Breaseale Frederick, Plaintiffs,

v.

AMERICA'S FIRST CREDIT UNION, Defendant.

Bankruptcy No. 85–6307.
Adv. No. 85–0657.

United States Bankruptcy Court,
N.D. Alabama, S.D.

Feb. 13, 1986.

John C. Calhoun, Jr., Birmingham, Ala., for debtors/plaintiffs.

Del Howell, Birmingham, Ala., for America's First Credit Union-defendant.

James G. Henderson, Birmingham, Ala., interim trustee for the Bankruptcy Estate of David Truett Frederick and Janice Breaseale Frederick.

## OPINION

CLIFFORD FULFORD, Bankruptcy Judge.

This cause is before the Court on the Debtors' complaint and subsequent motion for summary judgment contesting the Defendant's setoff of the Debtors' credit union deposit. Jurisdiction lies pursuant to 28 U.S.C. § 1334. This matter is a core proceeding. 28 U.S.C. § 157(b)(2)(E).

The facts are uncontested but incomplete. On October 2, 1985, the Debtors had $207.00 on deposit with the Defendant and also maintained a MasterCard account with the Defendant. There was at that time an outstanding, unpaid balance on the Master-Card account.[1] On the same date, the Defendant set off the $207.00 deposit against the outstanding MasterCard balance. On October 7, 1985, the Debtors filed their voluntary bankruptcy petition.

Debtors maintain that the deposited funds were exempt, and that the setoff was a preference. The Defendant answers that the funds were pledged as security on the MasterCard indebtedness and were subject to setoff under section 553 of the Bankruptcy Code.

On January 21, 1986, Debtors moved for summary judgment. The Defendant did not file a cross-motion. Rule 56 of the

Federal Rules of Civil Procedure applies to bankruptcy adversary proceedings. Bankruptcy Rule 7056.

■ Section 553 of the Bankruptcy Code preserves the non-bankruptcy right of a "creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case...." 11 U.S.C. § 553(a). Because section 553 does not define "mutual," the definition must be determined under state law. *In re Palmieri,* 31 B.R. 111 (Bkrtcy.N.D.Ga. 1983). In Alabama:

> It is a well settled rule of banking law that in order for a setoff to be valid, the cross demands between the bank and the depositor or depositors must be "mutual." *King v. Porter,* 230 Ala. 112, 160 So. 101 (1935); *First National Bank of Abbeville v. Capps,* 208 Ala. 207, 94 So. 109 (1922); *see* 68 A.L.R.3d 192. Those mutual demands must be "due from one party to the other in the same right." *First National Bank of Abbeville v. Capps,* 94 So. at 110. In other words, for the bank to set off a deposit against the unpaid balance of a loan (cross-demands), those competing claims must exist mutually between the same parties.

*Atkinson v. Federal Deposit Ins. Corp.,* 635 F.2d 508, 511 (5th Cir.1981).

The Alabama Supreme Court recently addressed questions surrounding setoff and mutuality in a situation involving Chapter 13 bankruptcy debtors. Citing *King v. Porter,* 230 Ala. 112, 160 So. 101 (1935), the Court reaffirmed the mutuality rule. It reasoned that when a deposit is made to a banking account it becomes a debt to the customer; and, when the bank also loans money to the depositor, a mutual debt exists, and the bank may, when the loan matures, apply the money it owes the depositor towards the depositor's debt to the bank. *Rainsville Bank v. Willingham,* 485 So.2d 319 (Ala.1986), 20 ABR 886. *Willingham* was decided on an exception

---

**1.** That balance was not made known to the Court but the parties agreed the card balance exceeded the credit union deposit.

to the general rule, but that exception does not apply here.

■ For purposes of this case, the Court finds, because of the general powers conferred on credit unions by *Code of Alabama*, 1975, § 5–17–4, that setoff and the rule of *King v. Porter* apply to credit unions; and, that the debts here are at least mutual based on the known facts of this case, abbreviated as they are. The demands are mutual and are due from one party to the other in the same right. Unless the Debtors' funds are exempt or the setoff was a preference or the case is an exception to section 553, the setoff was proper.[2]

Are the Debtors funds exempt? *Code of Alabama*, 1975, § 5–17–14 gives a credit union a lien on all shares and deposits of a member for all sums due to the credit union. This lien impairs the Debtors' funds and cannot be avoided. It is neither a judicial lien nor a nonpossessory, nonpurchase-money security interest in any of the items listed in section 522(f) of the Bankruptcy Code. Even if the funds are technically exempt, they are impaired to the extent that they are subject to the Defendant's lien and power of setoff.

■ May the setoff be considered a preference? NORTON BANKRUPTCY LAW AND PROCEDURE addresses this question generally. It reads:

> While the apparent intent of the Code is to treat setoffs separate from preferences, the substantive effect in most cases will be similar to that available under Code § 547. This is true because Code § 553(a) imposes four limitations on what debts and claims can be setoff, two of which resemble preference provisions.

2 NORTON BANKRUPTCY LAW AND PROCEDURE 33.02 at 4.[3] Does any exception of section 553 apply?[4]

The exceptions in sections 553(a)(1), (a)(2) and (a)(3) do not apply. The claim of the creditor was not disallowed, the claim was not one transferred by an entity other than the debtor, and the debt owed to the Debtors by the creditor was not obtained for purpose of obtaining a right of setoff against the Debtor. Section 553(b)(1) may apply. If, at the time of setoff, the debt owing to the credit union was greater at the time of setoff than at a point 90 days before bankruptcy, thereby allowing a greater setoff, the trustee may recover the difference or the Debtor may exempt the

---

**2.** See *In re Royal Crown Bottling Co. of Boaz, Inc.,* 10 BCD 713, 29 B.R. 52 (N.D.Ala.1981), for a discussion of setoff.

**3.** One authority goes a step further and suggests, "the right of setoff ... may be viewed as an exception to the preference avoiding powers [of section 547]." G. Treister, and others, Fundamentals of Bankruptcy 132 (1985) (unpublished manuscript).

**4.** The general rule of section 553 applies except to the extent that:
(a)(1) the claim of such creditor against the debtor is disallowed other than under section 502(b)(3) of this title;
(2) such claim was transferred, by an entity other than the debtor, to such creditor—
(A) after the commencement of the case; or
(B)(i) after 90 days before the date of the filing of the petition; and
(ii) while the debtor was insolvent; or
(3) the debt owed to the debtor by such creditor was incurred by such creditor—
(A) after 90 days before the date of the filing of the petition;
(B) while the debtor was insolvent; and

(C) for the purpose of obtaining a right of setoff against the debtor. [and]
(b)(1) Except with respect to a setoff of a kind described in section 362(b)(6), 362(b)(7), 365(h)(2), or 365(i)(2) of this title, if a creditor offsets a mutual debt owing to the debtor against a claim against the debtor on or within 90 days before the date of the filing of the petition, then the trustee may recover from such creditor the amount so offset to the extent that any insufficiency on the date of such setoff is less than the insufficiency on the later of—
(A) 90 days before the date of the filing of the petition; and
(B) the first date during the 90 days immediately preceding the date of the filing of the petition on which there is an insufficiency.
(2) In this subsection, "insufficiency" means amount, if any, by which a claim against the debtor exceeds a mutual debt owing to the debtor by the holder of such claim.

difference.[5] *See In re Schmidt,* 26 B.R. 89 (Bkrtcy.Minn.1982); *In re Sarkis,* 17 B.R. 174 (Bkrtcy.S.D.1982). In this light it is not possible to decide this question on the facts now before the Court.

The Court concludes that this matter is not ripe for summary judgment, and Debtors' motion is accordingly denied without prejudice.

---

**5.** Section 553 may be summarized mathematically:

If debt owed by debtor 90 days before bankruptcy = A and if debt owed by creditor 90 days before bankruptcy = B and if debt owed by debtor on the date of setoff = C and if debt owed by creditor on the date of setoff = D then if (A–B) > (C–D) then (A–B) - (C–D) = , the recoverable insufficiency. If (A–B) < (C–D) the

creditors position was not improved by the setoff and there is no recoverable amount. *See In re Schmidt,* 26 B.R. 89, 92 (Bkrtcy.Minn.1982), for application of this formula.