This is an appeal by Beverly P. Head, Jr., and James R. Forman, Jr., from a summary judgment rendered against them in favor of Henry Tyler Construction Corporation ("HTCC") in Jefferson Circuit Court. We affirm. *Page 197 
On May 30, 1985, HTCC entered into a construction contract with Costa and Head (Atrium), Ltd. ("Atrium"), an Alabama limited partnership. The contract provided that HTCC would be compensated on a time and material basis. During the course of construction, HTCC submitted applications for payments, which were paid by Atrium. However, on the final request for payment, Atrium paid HTCC the sum of $37,448.23, leaving a balance owed of $39,639.98.
Approximately four months later, HTCC brought suit for the balance due under the construction contract and for the enforcement of a materialman's or mechanic's lien. The complaint, as amended, listed as defendants: Atrium; Costa and Head (Birmingham One), Ltd. ("Birmingham One"), a limited partnership; Costa and Head Land Company ("Land Company"), an Alabama general partnership; and Pedro C. Costa; Nelson H. Head; Beverly P. Head, Jr.; James R. Forman, Jr.; and Thomas L. Howard, as individuals. The complaint alleged that Birmingham One was the sole general partner of Atrium and that Birmingham One had, as its sole general partner, Land Company. The basis of HTCC's complaint against the individual defendants was that they, as general partners of Land Company, were in turn jointly and severally liable for the debts of Birmingham One and Atrium.
After various pleadings and motions of the parties, it was learned that Atrium, Birmingham One, and Land Company had filed for bankruptcy under 11 U.S.C. § 1101 et seq. Thereafter, the trial court heard oral argument and reviewed various documents offered in connection with a motion for summary judgment filed by HTCC against Beverly Head and James Forman requesting that judgment be entered against them for the amount of the indebtedness set forth in the complaint. In an opinion with detailed findings of fact and conclusions of law based on the evidence presented, the trial court granted summary judgment in favor of HTCC. The judgment was in the amount of $44,396.78 and was made final pursuant to Rule 54(b), A.R.Civ.P.
The balance of indebtedness owed by Atrium to HTCC is not in dispute. Also, it is undisputed that Atrium's general partner is Birmingham One, and that Birmingham One's general partner is Land Company. Under Ala. Code 1975, § 10-9A-62, the general partner of a limited partnership is subject to the same liabilities as the partner of a general partnership. A partner of a general partnership is jointly and severally liable for all debts and obligations of the partnership. Ala. Code 1975, § 10-8-52. Thus, Birmingham One, as the general partner of Atrium, is jointly and severally liable for the debt owed by Atrium. Also, because Birmingham One is itself a limited partnership, Land Company, as the general partner of Birmingham One, is jointly and severally liable for the obligations of Birmingham One. Furthermore, the partners of Land Company — Pedro Costa, Beverly Head, Jr., James Forman, Jr., and Thomas Howard — are likewise jointly and severally liable for the debts and obligations of Land Company pursuant to § 10-8-52. Indeed, Head and Forman concede in their brief that they are liable for the debt in question. However, they assert that under Alabama law a condition precedent exists to holding them liable. They maintain that a partnership creditor must first exhaust efforts to obtain payment from the partnership or prove that the partnership has no assets before proceeding directly against the individual partners and their assets. Therefore, the sole issue to be decided in this case is whether the trial court was correct in its determination that no such condition precedent exists under Alabama law.
The general common law rule is that partnership contracts create only a joint liability among the partners. The partners are not individually liable for partnership contracts, unless assets of the partnership are inadequate to pay the partnership debts or there is no effective remedy without resort to the property of individual partners. 59A Am.Jur.2dPartnerships, § 639 at 555-56 (1987). The Uniform Partnership Act, § 15(b), provides that partners are jointly liable for all debts and obligations of a partnership, except those arising from a *Page 198 
tort or breach of trust.[1] This is a codification of the common law rule.
By statute, however, Alabama long ago abandoned this common law rule of imposing only joint liability on partners for partnership debts and obligations. In Dollins Adams v.Pollock Co., 89 Ala. 351, 7 So. 904 (1890), this Court recognized that the Alabama Code of 1886, § 2605, provided for joint and several liability on the partners for partnership obligations and permitted a creditor to sue them jointly or severally at his option. Likewise, in First National Bank v.Capps, 208 Ala. 207, 94 So. 109 (1922), the Court conceded that, in the absence of a statutory provision to the contrary, partnership contracts are joint and not several and that under the common law, liability of partners was so treated. The Court then cited the Code of 1907, § 2506, which authorized a creditor of the partnership to sue one partner for the obligation of all. This statute, the Court stated, "gave the creditor of a partnership the right to sue any member of the firm, and by such suit to change the nature of the partnership obligation from joint to joint and several." 208 Ala. at 208,94 So. at 110.
Consequently, when the Uniform Partnership Act was being proposed for adoption in Alabama, § 15(b), providing for only joint liability, was the subject of debate. In 1962, a subcommittee of the Alabama State Bar's Committee on Jurisprudence and Law Reform suggested that the section be changed to conform to existing Alabama law. The report of the subcommittee's findings state:
 "Our committee has recommended only two changes in the terminology of the Uniform Partnership Act as originally drawn by the Commissioners. Section 15 provides that partners are jointly and severally liable for breaches of trust and wrongful acts and omissions causing loss or injury but that they are jointly liable only for all other debts and obligations of the partnership. This appears to be a statement of the common law rule as understood in most jurisdictions. However, Section 141, Title 7, Code of Alabama, expressly authorizes actions against one or more of the partners for the 'obligations' of the partnership, thus, in effect, converting the liability at the election of the party bringing the action to joint and several liability for all practical purposes except set-off and recoupment. First National Bank v. Capps, 94 So. 109, 208 Ala. 207. In view of this situation, the subcommittee, with one member dissenting, felt that it would be more in keeping with the existing Alabama law and procedure to amend Section 15 by providing simply that all partners shall be liable jointly and severally for all debts and obligations of the partnership."
Woolf, New Partnership Act Proposed by Committee onJurisprudence and Law Reform, 24 Ala. Law. 115, 116 (1963).
The Alabama legislature eventually enacted the Alabama Partnership Act, patterned after the Uniform Partnership Act, but adopted the suggested change to § 15(b). The provision of the Act dealing with partner liability unequivocally states that partners are "jointly and severally" liable for all debts and obligations of the partnership. Ala. Code 1975, § 10-8-52.[2]
Appellant still contends, however, that a creditor must first exhaust any remedies against the partnership before initiating an action against individual partners. This argument is without merit because it does not recognize the legal impact, through the years, of Alabama's statutes making partners severally liable on partnership contracts *Page 199 
tracts in addition to the already existing common law joint liability.
The major impact of making partners not merely jointly liable but also severally liable is that if a creditor chooses to bring an action against one of the partners, that partner is liable for all of the partnership debts, regardless of whether the creditor first attempted to recover the debt from the partnership or prove that the partnership had no assets. Several liability is "[l]iability separate and distinct fromliability of another to the extent that an independent action may be brought without joinder of others." Black's LawDictionary (5th ed. 1979) at 1232. (Emphasis added.) The individual liability associated with partners that are jointly liable is not separate and distinct from the liability of all the partners jointly. Rather, the individual liability arises only after it has been shown that the partnership assets are inadequate. No direct cause of action may be maintained against the individual partners until the above condition is met. Several liability, on the other hand, imposes no such conditions precedent before one can be held individually liable. As stated in 59A Am.Jur.2d Partnerships, § 709 at 590 (1987):
 "Where partners are considered jointly and severally liable on partnership obligations, establishing personal unlimited liability of partners as individuals, each individual partner thus pursued must be made a party to the action without the necessity of joining all partners in the suit as indispensable parties, nor must the plaintiff bring a prior action against the partnership. A direct right of action exists against the partner."
Alabama has long recognized the legal effect of joint and several liability of partners for partnership debts:
 "As a general rule, each individual partner is liable to creditors of the firm for the whole amount of every debt due therefrom. . . . Nor is a creditor of the firm, except, perhaps, as to individual creditors of a member thereof, required to resort to the firm assets before looking to the individual property of the respective members of the said firm for the satisfaction of his debt."
Cleckler v. First National Bank of Anniston, 204 Ala. 268, 269,85 So. 484, 484 (1920). (Emphasis added.) Likewise, other jurisdictions that have adopted joint and several liability provisions in their partnership acts hold that creditors of the partnership do not have to pursue partnership assets before looking to any of the individual partners for payment of the entire debt. In re Kelsey, 6 B.R. 114, 118 (Bankr. S.D. Texas 1980). Accord, Foster v. Daon Corp., 713 F.2d 148, 151 (5th Cir. 1983).
Therefore, we affirm the trial court's grant of summary judgment. This does not place an undue burden on partners, as the Alabama Partnership Act allows every partner indemnification from the partnership for personal liabilities incurred, absent any modification agreed upon by the partners themselves. Ala. Code 1975, § 10-8-43.
In conclusion, we agree with the trial court that appellants' reliance on Brown v. Bateh, 295 Ala. 501,331 So.2d 671 (1976), and Briley v. Briley, 51 Ala. App. 671,288 So.2d 733 (1974), for support of their argument is misplaced. Both of those cases deal with the rights and liabilities of partners and partnership creditors upon dissolution of the partnership. No such issue exists in the present case.
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and HOUSTON, JJ., concur.
[1] Section 15 of the Uniform Partnership Act provides: "Nature of Partner's Liability — All partners are liable: (a) Jointly and severally for everything chargeable to the partnership under §§ 13 and 14, (b) Jointly for all other debts and obligations of the partnership; but any partner may enter into a separate obligation to perform a partnership contract."
[2] "All partners are liable: (1) Jointly and severally for everything chargeable to the partnership under sections 10-8-53 and 10-8-54; and (2) Jointly and severally for all debts and obligations of the partnership, except as may be otherwise provided by law." *Page 200