**TOWN OF HEMPSTEAD EMPLOYEES FEDERAL CREDIT UNION, Appellant,**

v.

**Robert J. WICKS and Edith M. Wicks, Appellees.**

**In re Robert J. WICKS and Edith M. Wicks, Debtors.**

**Bankruptcy No. 894–84683–478. No. CV95–1018(ADS).**

United States District Court, E.D. New York.

Nov. 24, 1997.

Heller & Rosenberg, P.C. by Craig S. Heller, Garden City, NY, for Creditor–Appellant.

Fischoff Gelberg & Director by Gary C. Fischoff, Garden City, NY, for Creditor–Appellant.

Sullivan & Cromwell by Bruce E. Clark, William L. Farris, New York City, for The New York Clearing House Association, Amicus Curiae on behalf of the Creditor–Appellant.

### MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

The creditor-appellant, the Town of Hempstead Employees Federal Credit Union (the "appellant" or "Credit Union") appeals from a decision of United States Bankruptcy Judge Dorothy Eisenberg, dated January 19, 1995, which: (1) granted the motion of Robert J. and Edith M. Wicks (the "debtors" or "appellees") for an order finding that the Credit Union willfully violated the automatic stay provisions of the Bankruptcy Code, 11 U.S.C. § 362(a), by placing an administrative freeze on the debtor's savings accounts and awarding the debtors $500.00 in attorney's fees pursuant to 11 U.S.C. § 362(h); and (2) denied the creditor's motion for relief from the stay, without prejudice, because "the debtors proposed to pay all creditors in full pursuant to a plan under Chapter 13. The funds are to be made available to the Debtors for said distribution on the condition that the Credit Union is granted a secured claim, to be paid in full, in the amount of the funds in the account."

### I. BACKGROUND

On August 16, 1994, the debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 1301. Included as assets in their petition were a checking account and two savings accounts with the

Credit Union. One of the savings accounts was a "Christmas Club" account, the other a "share account" (collectively, the "Savings Accounts"). The petition listed the Credit Union as a creditor having a secured car loan, and four unsecured loans—including two VISA Credit Card loans and two loans in the combined balance of approximately $24,-000.00. The record indicates that at the time of the petition, the debtors were current with all their loan payments. The debtors' proposed Chapter 13 plan provided for full payment to all creditors, including the Credit Union.

The appellant learned of the bankruptcy filing on or about August 19, 1994, when Mr. Wicks went to the Credit Union office to cancel his payroll deduction for the unsecured obligations. Although the Wicks were not in default on their loans, on August 19, 1994, the Credit Union placed an "administrative freeze" on the Wicks' Savings Accounts, which had a collective balance of $1,723.04. The Bankruptcy Court described the "administrative freeze," or "hold," as the act of the financial institution to prevent withdrawals from the debtors' accounts (Decision at 3). The debtors' counsel requested that the Credit Union release the funds, and it refused. Four months passed, during which time the Credit Union made no effort to seek the Bankruptcy Court's approval of the administrative freeze. Finally, on November 2, 1994, the Debtors filed a motion for an order, pursuant to 11 U.S.C. § 362(h), finding the Credit Union in willful violation of the automatic stay imposed when the petition was filed and awarding attorney's fees. In response, the Credit Union cross-moved for relief from the stay to exercise their right of setoff.

In a decision rendered on January 19, 1995, the Bankruptcy Court concluded that the Credit Union's hold on the debtor's accounts violated the stay provisions of § 362(a) of the Bankruptcy Code, and awarded the debtors' counsel $500.00 in attorney's fees pursuant to 11 U.S.C. § 362(h). The Bankruptcy Court found that the Credit Union's administrative freeze contravened two subsections of 11 U.S.C. § 362(a), the provision which lists the conduct that is automati-

cally stayed by the filing of the bankruptcy petition: (1) § 362(a)(3), which proscribes "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate"; and (2) § 362(a)(7), which prohibits "the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor." In addition, the Bankruptcy Court decided that "[a]lthough the Credit Union would be entitled to its right of setoff in this case, the cross-motion for relief from the stay is denied without prejudice based on the fact that the Debtors propose to pay all creditors in full pursuant to a plan under Chapter 13. The funds are to be made available to the Debtors for said distribution on the condition that the Credit Union is granted a secured claim, to be paid in full, in the amount of the funds in the account." (Decision of Hon. Dorothy Eisenberg, dated January 19, 1995, pp. 10–11).

## II. DISCUSSION

### A. As to the Credit Union's Administrative Freeze of the Debtor's Savings Accounts

The District Court has appellate jurisdiction over this case pursuant to 28 U.S.C. § 158(a). *See, e.g., In re Sanshoe Worldwide Corp.,* 139 B.R. 585, 590 (S.D.N.Y.1992), *aff'd,* 993 F.2d 300 (2d Cir.1993). While the Bankruptcy Court's findings of fact may not be set aside unless clearly erroneous, decisions of law are reviewed de novo. *See, e.g., In re Momentum Manufacturing Corp.,* 25 F.3d 1132, 1136 (2d Cir.1994); *In re PCH Associates,* 949 F.2d 585, 597 (2d Cir.1991); *In re Crysen/Montenay Energy Co.,* 166 B.R. 546, 549 (S.D.N.Y.1994).

The Credit Union contends that the Bankruptcy Court erred in concluding that the placing of an administrative hold on the Wicks' Savings Accounts constituted an impermissible "setoff" in violation of the automatic stay provisions of 11 U.S.C. § 362(a)(7). "The right of setoff (also called 'offset') allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.' *Studley v.*

*Boylston Nat. Bank,* 229 U.S. 523, 528, 33 S.Ct. 806, 808, 57 L.Ed. 1313 (1913). Although no federal right of setoff is created by the Bankruptcy Code, 11 U.S.C. § 553(a) provides that, with certain exceptions, whatever right of setoff otherwise exists is preserved in bankruptcy." *Citizens Bank of Maryland v. Strumpf,* 516 U.S. 16, 116 S.Ct. 286, 133 L.Ed.2d 258(1995). Here, the Credit Union asserts that prior to the bankruptcy filing, it had the right under New York law to set off the loan against the balance in the Savings Accounts. By the same token, under 11 U.S.C. § 362(a), the Wicks' bankruptcy filing stayed any exercise of that right asserted by the Credit Union. The principal issue facing the Court is whether the Credit Union's refusal to pay withdrawals from the account upon demand constituted an exercise of the setoff right in violation of the stay.

In *Citizens Bank of Maryland v. Strumpf,* 516 U.S. 16, 116 S.Ct. 286, 133 L.Ed.2d 258 (1995), the Supreme Court analyzed the interplay between the automatic stay of setoffs under § 362(a)(7), and the right to offset under § 553(a), and concluded that a bank's *temporary* placement of an administrative hold on funds in a debtor's account pending disposition of the bank's offset right does not violate the automatic stay. In *Strumpf,* the debtor maintained an account with a bank to which he owed approximately $5000 as a result of a default on a loan. *Id.* at 16–18, 116 S.Ct. at 288. After the filing of the bankruptcy petition, the bank placed an administrative hold on the debtor's account in an amount that the bank asserted it was entitled to as offset, and refused to honor drafts that would diminish the balance in the debtor's account below the bank's asserted right of offset. Within 5 days of imposing the freeze, the bank moved the bankruptcy court for relief from the automatic stay. *Id.* The debtor subsequently moved to have the bank held in contempt for violating the automatic stay. *Id.* The Supreme Court concluded that the administrative hold did not violate the automatic stay. First, the Court explained that § 553(a) preserved a state-created right of prepetition offset as to mutual debts, and observed that the bank possessed the right to offset the defaulted loan against the debtor's account. *Id.* at 18–20,

116 S.Ct. at 289. Second, the Court held that the bank's hold on the debtor's account did not constitute a setoff because the bank had not permanently refused to honor Strumpf's debts, but only temporarily did so, while it sought relief from the automatic stay. *Id.*

■ Applying the rules enunciated in *Strumpf,* the Court concludes that the Credit Union's four-month-long administrative hold constituted an impermissible setoff in violation of the automatic stay. 11 U.S.C. § 362(a)(7). It is noted that while the Court below did not have the benefit of the Supreme Court's subsequent decision in *Strumpf,* it nevertheless arrived at the appropriate conclusion. "In the instant case, ... the 'administrative hold' was by no means 'temporary': it lasted four [months], during which time the [Credit Union] never sought relief from the automatic stay.... Indeed, the hold might have continued indefinitely if the [Wicks] had not finally taken action ... to bring the matter to a head.... In reality, then, the [Credit Union's] more or less permanent retention of [the Wicks'] funds was not a permissible temporary freeze within the scope of *Strumpf,* but rather constituted forbidden self-help in violation of the automatic bankruptcy stay." *Eastern Airlines, Inc. v. Chemical Bank, Inc.,* 1997 WL 282264, *1–2 (S.D.N.Y.1997)(citing *In re Glenn,* 198 B.R. 106, 107, 110–11 [Bankr. E.D.Pa.1996][concluding that IRS's effectively permanent retention of refund without first obtaining relief from the automatic stay was not a temporary freeze under *Strumpf* and requiring IRS to file a motion for relief], *rev'd on other grounds,* 207 B.R. 418 [E.D.Pa.1997]); *see also* Tom McNamara, " 'Banker's Dilemma Resolved'?: Administrative Freezes and the Automatic Stay," The Colorado Lawyer; Jan. 25, 1996, at 27 ("The [*Strumpf*] Court emphasized the 'temporary' nature of the administrative freeze throughout the ... decision.... In the absence of timely action to bring the setoff matter to a head, an administrative freeze may constitute an actual setoff in violation of the automatic stay").

It is observed that in reaching its conclusion that the freeze violated the automatic stay, the Bankruptcy Court relied, in the

alternative, on § 362(a)(3), which proscribes "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." The Court is aware the Supreme Court's subsequent decision in *Strumpf* may cast doubt on the validity of that portion of the Bankruptcy Court's opinion. In *Strumpf,* the Supreme Court rejected the debtor's argument that the bank's administrative hold violated § 362(a)(3), reasoning that:

> [The debtor's] reliance on [this] provision [% rests on the false premise that [the bank's] administrative hold took something from [the debtor], or exercised dominion over property that belonged to [him]. That view of things might be arguable if a bank account consisted of money belonging to the depositor and held by the bank. In fact, however, it consists of nothing more or less than a promise to pay, from the bank to the depositor.... [The bank's] temporary refusal to pay was neither a taking of possession nor an exercising of control over it, but merely a refusal to perform on its promise.

516 U.S. at 21, 116 S.Ct. at 290.

Regardless of the issue of the continuing vitality of the Bankruptcy Court's reasoning in this regard, it is unnecessary to address the issue since, as set forth above, the alternative basis for the decision was, and remains, proper.

■ Finally, the Court rejects the Creditor Union's assertion that the debtors lacked standing to move for sanctions under 11 U.S.C. § 362(h), which provides that, "An individual injured by any willful violation of a stay provided by [§ 362] shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." The Court notes that the debtors chose to ignore the issue of standing in their appellate brief. Although the Bankruptcy Court did not address this matter expressly in its opinion, despite being raised by the Credit Union in its opposition papers below, in the Court's view, a finding of standing is implicit in Judge Eisenberg's decision. Regardless, "It is generally accepted that the remedy of § 362(h) extends to creditors as well as debtors who have sustained injuries from a violation of the stay." *In re Bequette,* 184 B.R. 327, 332 (Bankr.S.D.Ill.1995)(citing *Homer Nat'l Bank v. Namie,* 96 B.R. 652, 655 (W.D.La. 1989); *In re Prairie Trunk Ry.,* 112 B.R. 924, 929 (Bankr.N.D.Ill.1990)); *see also In re Chateaugay Corp.,* 920 F.2d 183, 186 (2d Cir.1990)("We now hold that a bankruptcy court may impose sanctions pursuant to § 362(h) ... only for violating a stay as to debtors who are natural persons. For other debtors, contempt proceedings are the proper means of compensation and punishment for willful violations of the automatic stay."); *In re Zunich,* 88 B.R. 721, 723–24 (Bankr.W.D.Pa.1988)(Chapter 7 debtors had standing to bring action against creditor for violation of stay by retaining garnished funds). Accordingly, the Court finds that the debtors had the requisite standing to move for attorney's fees under 11 U.S.C. § 362(h).

### B. The Bankruptcy Court's Denial of the Credit Union's Cross–Motion for Relief from the Stay

■ A bankruptcy court has discretion in determining whether to lift the automatic stay. *In re Sonnax Indus., Inc.,* 907 F.2d 1280, 1286 (2d Cir.1990). Accordingly, the Court reviews the Bankruptcy Court's denial of the Credit Unions's cross-motion for relief for abuse of discretion.

■ The Second Circuit has noted that the automatic stay is intended to "prevent[ ] disparate actions against debtors ... [and] ensur[e% that no creditor receives more than an equitable share of the bankrupt's estate." *In re Parr,* 880 F.2d 1540, 1545 (2d Cir.1989), *cert. denied sub nom., Suffolk County Treasurer v. Barr,* 493 U.S. 1058, 110 S.Ct. 869, 107 L.Ed.2d 953 (1990) (citations omitted). Given its status as a "crucial provision of bankruptcy law," *Id.,* the circumstances where the automatic stay may be lifted are confined to those set forth in 11 U.S.C. § 362(d)(1), which states, "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay ... (1) for cause, including the lack of adequate protection of an interest in property of such party in interest...." The Second Cir-

cuit has cautioned that a bankruptcy court should deny relief from the stay if the movant "fails to make an initial showing of cause." *In re Sonnax Indus., Inc.,* 907 F.2d 1280, 1285 (2d Cir.1990).

 Without citing a single case in support of its position, the Credit Union asserts that "cause" existed to lift the stay because the amount outstanding on the debtor's loan exceeded the amount in the Savings Accounts, leaving the creditor unprotected. The Wicks failed to offer any response to this argument. Nevertheless, this Court finds, as did Judge Eisenberg, that the Credit Union failed to make an initial showing of cause since: (1) the debtors were entirely current with all of their loan payments to the Credit Union; (2) the debtors proposed Chapter 13 plan provided for payment in full to all creditors, including the appellant; (3) there is nothing in the record indicating that the debtors subsequently failed to make their required loan payments; (4) there is no evidence in the record that the Credit Union suffered any particularized harm stemming from the Bankruptcy Court's denial of the relief sought; and (5) the Credit Union is provided adequate protection by the Bankruptcy Court's order granting the Credit Union a secured claim, to be paid in full, in the amount of the funds in the account. *See In re Boodrow,* 126 F.3d 43 (2d Cir.1997)(denial of secured creditor's motion for relief from automatic stay was not an abuse of discretion where the debtor was current on all car loan payments when he filed the petition, there was no evidence that the debtor had since failed to make the required payments, value of car exceeded amount due by 10 percent, and creditor did not allege any particularized harm flowing from denial of relief).

## III. CONCLUSION

For the reasons set forth above, it is hereby

ORDERED, that the Bankruptcy Court's decision is affirmed.

SO ORDERED.