**In re Sherrie Y. MUHAMMAD, Debtor.**

**Sherrie Y. Muhammad, Movant,**

**v.**

**Pittsburgh Teachers Credit Union, Respondent.**

**No. 04–23153–MBM.**

United States Bankruptcy Court, W.D. Pennsylvania.

Sept. 22, 2004.

Robert J. Colaizzi, for Pittsburgh Teachers Credit Union.

## MEMORANDUM OPINION

M. BRUCE McCULLOUGH,
Bankruptcy Judge.

Sherrie Muhammad, the above-captioned debtor (hereafter "the Debtor"), brings the instant motion to avoid, pursuant to 11 U.S.C. § 522(f), the lien of the Pittsburgh Teachers Credit Union (hereafter "the Credit Union") upon those deposit accounts that she both (a) maintains with the Credit Union, and (b) seeks to—and which, absent such lien, she could—exempt under 11 U.S.C. § 522(d)(5). For the reasons set forth below, the Court denies the Debtor's lien avoidance motion with prejudice.

## STATEMENT OF FACTS

According to the Debtor's Bankruptcy Schedule B, she maintained, as of March 10, 2004, which date is when she filed for bankruptcy, four separate deposit accounts with the Credit Union, with respective balances as follows: (1) Saving—$732.07, (2) Summer Saving—$2,000.00, (3) Christmas Club—$300.00, and (4) Saving for her 10 yr. old son—$1,652.00. An examination of the Debtor's Bankruptcy Schedule C reveals that the Debtor has exempted, pursuant to § 522(d)(5), the full pre-petition balances for the first three of the four aforementioned accounts. However, the Debtor has neither sought to exempt, nor has she consequently exempted, any of the balance for the fourth of the four aforementioned accounts, namely the $1,652 balance in the saving account for her 10 yr. old son. Consequently, the Court must presume that the Debtor does not wish to avoid any lien that the Credit Union has on such latter deposit account. In any event, however, the Debtor, because she does not seek to exempt the latter account,

Robert L. Williams, Pittsburgh, PA, for Sherrie Y. Muhammad.

cannot avoid under § 522(f)(1) any lien that the Credit Union has on such account, and regardless of whether the Debtor were to prevail on the instant motion with respect to the other three deposit accounts (hereafter "the Deposit Accounts").

The Debtor does not now dispute that the Credit Union possesses a lien upon the Deposit Accounts and that such lien existed pre-petition, her failure to list the Credit Union as a secured creditor in her Bankruptcy Schedule D notwithstanding. The Debtor does not dispute, as an examination of the Debtor's Bankruptcy Schedule F reveals, that, at least as of the date of the Debtor's bankruptcy petition filing, the Credit Union possessed a claim against the Debtor for at least $3,060.00. The parties have not informed the Court as to the present balance of such claim.

### DISCUSSION

11 U.S.C. § 522(f)(1) provides, in pertinent part, that a debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under ... [§ 522(b)], if such lien is [either]—

> (A) a judicial lien, other than[, for the most part,] a judicial lien that secures a debt
>
>> (i) to a spouse, former spouse, or child of the debtor, for alimony, maintenance for, or support of such spouse or child ..., or
>
> (B) a nonpossessory, nonpurchase-money security interest in ... [certain of the debtor's property, the eligible types of which are listed in § 522(f)(1)(B)(i)–(iii)].

11 U.S.C.A. § 522(f)(1) (West 2004). Of particular relevance to the instant matter,

a nonpossessory, nonpurchase-money security interest in money or a deposit account with a financial institution may not be avoided under § 522(f)(1)(B) because neither money nor deposit accounts are among the types of property listed in § 522(f)(1)(B)(i)–(iii). *See Id.*

The Debtor argues, in particular, that the Credit Union's lien on the Deposit Accounts is a nonpossessory, nonpurchase-money security interest that may be avoided under § 522(f)(1)(B), failing which, argues the Debtor, such lien is then a judicial lien that may be avoided pursuant to § 522(f)(1)(A). The Credit Union predictably disagrees, maintaining that its lien may not be avoided under § 522(f)(1) because such lien is a statutory lien or, alternatively, because such encumbrance is at least a possessory security interest.

Somewhat clouding the Court's determination as to the nature of the Credit Union's encumbrance is the parties' dispute regarding whether the Credit Union is organized in accordance with the provisions of the Federal Credit Union Act—i.e., whether the Credit Union is a federal credit union—or whether the Credit Union is instead a state credit union. The Credit Union argues that it is a federal credit union, which, if true, means that it is granted the power "to impress and enforce a lien upon the shares and dividends of any member, to the extent of any loan made to him and any dues or charges payable by him." 12 U.S.C.A. § 1757(11) (West 2001). The Credit Union contends that the preceding language serves to grant to itself, as a federal credit union, a statutory lien upon (a) all deposit accounts of its members generally to the extent that such members are indebted to the Credit Union, and (b) the Deposit Accounts at issue in the instant matter in particular.[1] The

---

1. The Debtor does not contest that, if the Credit Union is a federal credit union, then,

Debtor contends, on the other hand, that the Credit Union is a state credit union organized under the laws of Pennsylvania rather than a federal credit union. The significance of this point, according to the Debtor, is that Pennsylvania law, as the Debtor construes it, does not accord to a Pennsylvania state credit union any statutory lien upon deposit accounts of its members. The Debtor then points to 17 Pa. C.S.A. § 501(e)(1), which statutory provision (a) empowers a Pennsylvania state credit union to engage in any activity for which a federal credit union is authorized to engage, such as, for instance, the activity of impressing and enforcing a lien upon a member's deposit account, but then (b) subjects such power "to reasonable conditions, limitations, and restrictions as may be imposed by the [Pennsylvania D]epartment [of Banking]." 17 Pa.C.S.A. §§ 501(e)(1) & 103 (Purdon's 2004) (according to § 103, "Department," as that term is used in § 501(e)(1), means only "[t]he Department of Banking of the Commonwealth" of Pennsylvania). On the strength of the latter conditional language contained in 17 Pa.C.S.A. § 501(e)(1), and because, argues the Debtor, the Credit Union has violated and continues to violate the automatic stay in the instant bankruptcy case by virtue of its having, since the outset of such case, administratively frozen, that is refused to turn over to the Debtor, the money in the Deposit Accounts, the Debtor ultimately contends that it should succeed in avoiding, or the Court should declare ineffective if not null and void, the Credit Union's lien obtained

under the authority of 17 Pa.C.S.A. § 501(e)(1).

The parties have not furnished the Court with any evidence by which it can resolve the issue of whether the Credit Union is a federal credit union or is instead a state credit union. Moreover, the Court finds that it cannot resolve such issue by way of judicial notice. However, the Court concludes that it may deny the Debtor's instant lien avoidance motion without resolving such issue. The rationale for such conclusion follows.

As an initial matter, the Court holds, as a matter of law, that because 12 U.S.C. § 1757(11) grants to a federal credit union not an automatic lien but rather merely the power to impose such a lien, any lien obtained under the authority of such statutory provision could only constitute a security interest rather than a statutory lien. Nevertheless, the Debtor concedes, indeed argues in its lien avoidance motion, that the Credit Union obtained a lien upon the Deposit Accounts pre-petition. Moreover, the Debtor does not allege that any type of legal or equitable process occurred pre-petition—i.e., judgment, levy, or sequestration—that could have resulted in the creation of the Credit Union's lien upon the Deposit Accounts, thereby negating the possibility that the Credit Union's lien (a) is a judicial lien, and (b) may be avoided under § 522(f)(1)(A). In holding that the Credit Union's lien is not a judicial lien, the Court rejects as absurd the Debtor's apparent argument that the Credit Union obtained a judicial lien by simply administratively freezing the Deposit Accounts from the

pursuant to § 1757(11), it is empowered to generally impose a lien upon deposit accounts such as those that are of the type that are each of the Deposit Accounts. Furthermore, and pursuant to 12 U.S.C. § 1752(5), the Court summarily holds that, to the extent that

the Debtor maintains deposit accounts of any type with the Credit Union, such accounts, provided that the Credit Union is a federal credit union, constitute shares that may be subjected to a lien pursuant to § 1757(11). *See* 12 U.S.C.A. § 1752(5) (West 2001).

**550**

outset of the instant bankruptcy case.[2] The Court rejects such apparent position by the Debtor because an administrative freeze does not operate to effect the imposition of a lien but rather simply allows a creditor, without thereby violating the automatic stay, to preserve its right (a) of setoff granted to it via 11 U.S.C. § 553, and (b) to resist, via 11 U.S.C. § 542(b), a turnover request for funds that are subject to the aforesaid right of setoff. *See Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 19–20, 116 S.Ct. 286, 289, 133 L.Ed.2d 258 (1995).[3] Accordingly, if the Credit Union is a federal credit union, then the lien that it obtained upon the Deposit Accounts must be in the nature of a security interest. Such security interest would appear to be possessory rather than nonpossessory given that the Credit Union is in possession of the funds that were deposited into the Deposit Accounts. Because possessory security interests may not be avoided under § 522(f)(1)(B), the Credit Union's lien, if the Credit Union is a federal credit union, thus may not be avoided under § 522(f)(1)(B). Moreover, if the Credit Union is a federal credit union and

its lien must be construed as a nonpossessory security interest, such nonpossessory security interest nevertheless still cannot be avoided via § 522(f)(1)(B) given that, as the Court holds above, a nonpossessory security interest in money or a deposit account with a financial institution may not be avoided under § 522(f)(1)(B), *see supra* p. 548. Therefore, if the Credit Union is a federal credit union, then (a) its lien upon the Deposit Accounts cannot be avoided under § 522(f), and (b) the Debtor's instant lien avoidance motion must be denied.

 The Debtor, as it turns out, does not fare any better on its lien avoidance motion if the Credit Union is a state credit union. This is so (a) because, as set forth below, if the Credit Union is a state credit union organized under the laws of Pennsylvania, then, and contrary to the pleas of the Debtor, Pennsylvania law clearly grants to the Credit Union a statutory lien on the Deposit Accounts, and (b) given that statutory liens, in contrast to certain judicial liens and particular security interests, may never be avoided under § 522(f)(1), *see* 11 U.S.C.A. § 522(f)(1); *In*

**2.** The Court notes as well that, if such administrative freeze served to effect the imposition of a lien upon the Deposit Accounts, then, because such administrative freeze occurred entirely post-petition, the Credit Union thereby would have obtained its lien post-petition, which point is entirely at odds with the Debtor's concession, indeed judicial representation, that the Credit Union obtained its lien pre-petition.

**3.** With respect to the Credit Union's administrative freeze of the Deposit Accounts, the Court need hold, and thus holds, only that the Credit Union did not obtain a lien on the Deposit Accounts by administratively freezing them. The Court need not concern itself with whether the Credit Union improperly administratively froze funds in the Deposit Accounts in excess of that which is necessary to satisfy the Credit Union's claim against the Debtor because, since the Credit Union necessarily

only has a lien to the extent of its claim, such excessively frozen funds are not even subject to a lien of the Credit Union that may be avoided under § 522(f) via the instant lien avoidance motion. As an aside, the Court notes that, were it necessary to comment as to the propriety of the Credit Union's administrative freeze, the Court would frankly be unable to presently do so given the confusion that has been generated by the Debtor's failure to exempt the fourth deposit account with the Credit Union (i.e., the $1,652 balance in the saving account for her 10 yr. old son)— more particularly, is such fourth account actually property of the Debtor that is subject to encumbrance by the Credit Union to satisfy its claim against the Debtor, or does such account belong to someone else, was it inadvertently included in the Debtor's Bankruptcy Schedule B, and is it thus not a subject for such encumbrance by the Credit Union?

*re Hinderks,* 1989 WL 434164 at *8 (Bankr.N.D.Iowa 1989). The Court holds that Pennsylvania law would grant to the Credit Union a statutory lien upon the Deposit Accounts if the Credit Union is one that is organized under the laws of Pennsylvania because (a) such a "credit union [ (i.e., one that is organized under Pennsylvania law) ] shall have an automatic lien on the shares or share certificates of a member for any sum due it from such member or for any loan endorsed by him," 17 Pa.C.S.A. § 505(b) (Purdon's 2004),[4] and (b) an automatic lien such as that granted under 17 Pa.C.S.A. § 505(b), since it would arise solely by force of such statutory provision on specified circumstances or conditions, meets the definition of "statutory lien" under the Bankruptcy Code, *see* 11 U.S.C.A. § 101(53) (West 1993); *see also Hinderks,* 1989 WL 434164 at *8 (language in the Iowa Code substantially similar to that in 17 Pa.C.S.A. § 505(b) held to grant to a credit union organized under Iowa law a statutory lien, which lien, of course, is immune to avoidance under § 522(f)); *In re Frederick,* 58 B.R. 56, 58 (Bankr.N.D.Ala.1986) (similar language under Alabama law held to grant a statutory lien to a credit union organized under Alabama law). Therefore, if the Credit Union is a state credit union, then (a) its lien upon the Deposit Accounts cannot be avoided under § 522(f), and (b) the Debtor's instant lien avoidance motion must be denied. As for the Debtor's contention that any lien that the Credit Union might have obtained via 17 Pa.C.S.A. § 501(e)(1)[5] should be declared ineffective by virtue of both such statutory provision's limiting language as well an alleged violation of the automatic stay by the Credit Union in the instant bankruptcy case, such argument, which could only potentially have merit if the Credit Union were a state credit union, misses the mark for several reasons, namely because (a) such argument fails to even address the Credit Union's statutory lien under 17 Pa.C.S.A. § 505(b), which statutory lien may not be discretionarily disturbed even if a lien obtained under 17 Pa.C.S.A. § 501(e)(1) may be so disturbed, *see* 17 Pa.C.S.A. § 501(e) (". . . *in addition to any other powers as authorized by this title . . ., [such as, for instance, the power of an automatic lien under § 505(b),]* a credit union shall have the power" as granted in § 501(e)(1) subject to discretionary conditions, limitations, and restrictions), (b) a lien obtained under 17 Pa.C.S.A. § 501(e)(1) may be conditioned, limited, or restricted, in any event, only by the Pennsylvania Department of Banking and not by this Court, *see* 17 Pa.C.S.A. §§ 501(e)(1) & 103, and (c) the Credit Union, by having administratively frozen the Deposit Accounts since the outset of the instant bankruptcy case, did not thereby violate the automatic stay, *see Strumpf,* 516 U.S. at 19–21, 116 S.Ct. at 289–290; Marvin E. Jacob & Michele J. Meises, *A 1995 Supreme Court Decision Has Led To At Least Two Cases In Which Banks Or Credit Unions Have Been Re-*

**4.** Although not contested by the Debtor, the Court holds that, because "shares" is defined as "[a]ll savings including regular shares, share drafts, share certificates and other savings," 17 Pa.C.S.A. § 103 (Purdon's 2004), such automatic lien extends to all types of savings accounts including, in particular, and provided that the Credit Union is one that is organized under Pennsylvania law, each of the Deposit Accounts at issue in the instant matter.

**5.** Any lien that the Credit Union could have obtained via § 501(e)(1) is of the type that a federal credit union could have obtained pursuant to 12 U.S.C. § 1757(11), which type of lien, as set forth above, is a security interest rather than a statutory or judicial lien, *see supra* pp. 549–50.

stricted *In Their Right To Freeze The Funds Of A Debtor,* National Law Journal, Feb. 2, 1998 (vol. 20, no. 23), at B4 (disagreeing, as does this Court, with the decisions in *Eastern Airlines, Inc. v. Chemical Bank, Inc.,* 1997 WL 282264 (S.D.N.Y. 1997), and *Town of Hempstead Employees Federal Credit Union v. Wicks,* 215 B.R. 316 (E.D.N.Y.1997), wherein it was held that an administrative freeze that was effected for more than a very minimal amount of time sufficient to obtain relief from stay may constitute a violation of such stay—such decisions, as the journal article authors point out, are inconsistent with 11 U.S.C. §§ 542(b) and 553).

### CONCLUSION

For the foregoing reasons, the Credit Union's lien upon the Deposit Accounts cannot be avoided under § 522(f), and regardless of whether the Credit Union is a federal credit union or is instead a state credit union. Accordingly, the Debtor's instant lien avoidance motion must be, and thus is, denied with prejudice.

An appropriate order will be entered.

### ORDER OF COURT

**AND NOW,** this **22nd day** of **September, 2004,** upon consideration of (a) the instant motion brought by Sherrie Muhammad, the above-captioned debtor (hereafter "the Debtor"), to avoid, pursuant to 11 U.S.C. § 522(f), the lien of the Pittsburgh Teachers Credit Union (hereafter "the Credit Union") upon certain deposit accounts that the Debtor maintains with the Credit Union, and (b) the Credit Union's response to such motion, as well as the parties' memorandums of law in support of their respective positions;

and subsequent to notice and a hearing on the matter held on July 6, 2004;

and for the reasons set forth in the accompanying Memorandum Opinion dated September 22, 2004,

it is hereby **ORDERED, ADJUDGED, AND DECREED** that the Debtor's instant lien avoidance motion is **DENIED WITH PREJUDICE.**